In the Matter of RONALD W. ELIAS, as Justice of the Village Court of the Village of Ellenville, Respondent. ELLENVILLE CHAPTER OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, Petitioner.

Third Department, November 4, 1971.

*Seymour Krieger* for petitioner.

*James J. Murray* for respondent.

*Per Curiam.* This is a proceeding instituted pursuant to section 132 of the Code of Criminal Procedure, now section 429 of the Judiciary Law, for the removal of a Justice of a Village

Court for cause, upon the complaint of the Ellenville Chapter of the National Association for the Advancement of Colored People.

The findings made by the Referee who was appointed by this court to conduct an inquiry into the alleged acts of misconduct establish that the respondent Justice violated canon 28 of the Canons of Judicial Ethics by engaging, albeit to a limited degree, in partisan political activity. The record is clear, however, that the Justice acted in good faith and under the honest belief that Judges of city, town and village courts may participate in partisan political activity. We believe that no incumbent Judge should engage in partisan political activity unrelated to his own campaign for judicial office (see *Matter of Furey,* 17 A D 2d 983; Opinion Nos. 137, 137(a) of the Committee on Professional Ethics of the New York State Bar Association). We also note with approval that participation in partisan political activity is proscribed by the Canons of Judicial Ethics of the New York State Magistrates Association which were adopted on September 15, 1971.

The Referee further reports that the respondent Justice exceeded the bounds of judicial propriety by discussing the disposition of a pending misdemeanor complaint with the defendant therein outside the presence of his attorney, but that the conversations were motivated by the Justice's desire to prevent civil unrest in the village occasioned by the arrest and prosecution of the defendant. While we disapprove of such conduct on the part of a Judge, however well-intentioned, we do not believe under the circumstances present that this isolated transaction warrants respondent's removal from office.

We also agree with the Referee's findings that the remaining allegations of misconduct set forth in the petition are without merit and should be dismissed.

The proceeding should be dismissed, without costs.

HERLIHY, P. J., STALEY, JR., GREENBLOTT, COOKE and SWEENEY, JJ., concur.

Proceeding dismissed, without costs.