In the Matter of the Removal of JOHN B. SCHAMEL, a Justice of the Town Court of the Town of Chemung, Respondent.

Third Department, December 18, 1974.

*Robert J. McKeegan,* prosecutor appointed pursuant to section 429 of the Judiciary Law.

*Ziff, Weiermiller, Leonard & Hayden (Carl T. Hayden* of counsel), for respondent.

*Per Curiam.* The respondent was elected a Justice of the Town of Chemung in 1967 and re-elected in 1971. In 1972, while in office, he became a candidate for the office of State Senator, without resigning his judicial office. When this information came to the attention of the New York State Association of Magistrates, its president advised respondent by letter dated October 16, 1972, sending copies to the Judicial Conference of the State of New York and the Appellate Division, Third Department, that respondent was in violation of the Canons of Judicial Ethics adopted by the association prohibiting his seeking other elective office without first resigning his judicial office.

Respondent's reply to this communication requested authority for the opinion that a Town Justice, who exercised both legislative as well as judicial duties, must resign before becoming an active candidate for an elected nonjudicial office. In answer to his inquiry, the president of the State association again referred him to the Canons of Judicial Ethics, specifically canons 28 and 30, *Matter of Furey* (17 A D 2d 983) and the Judiciary Law of the State of New York. Respondent replied contending he was not bound by *Matter of Furey (supra).*

At this posture of the matter respondent received a written directive from the Presiding Justice of the Appellate Division, Third Department, dated November 14, 1972, through its Director of Administration, advising respondent that the position taken by the president of the New York State Association of Magistrates was correct, and, additionally, enclosed a copy of this court's ruling in *Matter of Elias (Ellenville Chapter of Nat. Assn. for Advancement of Colored People)* (37 A D 2d 316) directing him to be guided by these rulings in the future.

Respondent did not reply to this directive until September of the following year wherein he adopted the position that none of the authorities previously cited applied to him. It should be

noted that prior to this response to the directive of the Appellate Division dated November 14, 1972, he had filed an acceptance as a candidate for the office of County Legislator in the County of Chemung.

The Justice duly appointed by this court to hear the charges against respondent has found that on three separate occasions he engaged in nonjudicial political activity by running for public office while holding the public office of Town Justice. Said Justice, however, found himself unable to pass upon the legal issues presented as to whether this activity by respondent violated Canons of Judicial Ethics, the Code of Judicial Conduct, and the Rules of the Administrative Board of the Judicial Conference. There is a motion before the court to confirm the report as filed.

The motion is denied. The court finds that, upon the record of the proceedings in this matter, it is clear respondent knowingly engaged in conduct in direct violation of the Canons of Judicial Ethics adopted by the New York State Association of Magistrates, canon 28, the Code of Judicial Conduct of the New York State Bar Association, canon 7 (subd. A, pars. [3], [4]), and former section 20.4 of the General Rules of the Administrative Board of the Judicial Conference (22 NYCRR 20.4). We further find that these provisions were binding upon respondent and that his unilateral decision not to comply after specific direction from this court to do so constitutes flagrant judicial misconduct. Indeed, respondent's conduct is so arbitrary as to sustain a finding that his continuation in office is inconsistent with the proper administration of justice and as such constitutes cause for removal. Accordingly the charges are sustained and the respondent John B. Schamel is removed from office of Town Justice of the Town of Chemung.

The motion to confirm Referee's report should be denied, the petition for removal should be granted and respondent, John B. Schamel, should be removed from the office of Town Justice of the Town of Chemung.

Settle order on notice.

HERLIHY, P. J., GREENBLOTT, SWEENEY, KANE and MAIN, JJ., concur.

Motion to confirm Referee's report denied, petition for removal granted and respondent, John B. Schamel, removed from the office of Town Justice of the Town of Chemung. Settle order on notice.