JAMES H. MADDEN, ESQ. Locust Valley, New York
We acknowledge receipt of your letter in which you state that you, an attorney, are being considered for appointment to the office of acting village justice of a village; that you do not live in the village but live in the county in which the village or a portion of the village is situated; and that you are an officer of a political club in the community where you live. You do not indicate whether the village has taken action under the authority of Village Law § 3-300, subdivision 2, which would authorize the appointment of a nonresident to the office of acting village justice but we assume this has been done. You ask our opinion whether it would be proper for you to accept the appointment to the office of acting village justice and at the same time continue to be active in the political club of which you are now an officer. It has been held that partisan political activity should not be engaged in by a judge if that activity is unrelated to his own campaign for election to judicial office.Matter of Elias, 37 A.D.2d 316 (1971); Matter of Schamel,46 A.D.2d 236 (1974). There is some difference between the offices of village justice and acting village justice, one being that an acting village justice might never be called upon in the course of a term of office to execute the judicial function. However, by the same token and because the acting village justice acts in the absence or inability of the village justice to serve, the acting village justice might be called upon to execute the judicial function constantly.
It is our opinion that the same prohibition against partisan political activity applies to an acting village justice as applies to a village justice and that if you accept the appointment as acting village justice you will be prohibited from maintaining, at the same time, a membership in a political club.