HON. PETER N. KALIL Inlet Town Justice
This is in response to your recent inquiry as to whether the wife of a stockholder in a corporation that holds a New York State liquor license can hold the office of town justice in the Town of Inlet.
Initially, we note that former Justice Court Act, § 14, disqualified an innholder or tavernkeeper engaged in liquor traffic from being a justice of the peace. That disqualification was omitted in the Uniform Justice Court Act, which replaced the Justice Court Act effective September 1, 1967.
Section 128 of the Alcoholic Beverage Control Law provides, in part:
 "1. It shall be unlawful for any police commissioner, police inspector, captain, sergeant, roundsman, patrolman or other police official or subordinate of any police department in the several villages, towns and cities of this state, to be either directly or indirectly interested in the manufacture or sale of alcoholic beverages or to offer for sale, or recommend to any licensee any alcoholic beverages. * * *"
Pursuant to Town Law, § 31(2), a town justice in a town of the second class serves as a member of the town board. Section 39 of the Town Law provides that constables and town policemen shall be subject to the general authority and direction of the town board. It does not appear, however, that such general authority and direction are of such a nature as to fall within the prohibition of section 128 (1965 Atty. Gen. 10). In any event, a spouse's ownership of stock in a corporation holding a liquor license is not the type of interest prohibited by section 128 (SansparRestaurant Corp. v. Ring, 65 Misc.2d 847, affd. 39 A.D.2d 595).
The statutory conflict of interest contained in section 801 of the General Municipal Law arises only where a municipal officer or employee has an interest in a contract with the municipality and such officer or employee has the duty or power to negotiate or approve the contract or approve payments and audit claims thereunder. Thus unless the corporation referred to in your inquiry holds a liquor license on premises owned by the Town, there is no possibility of the conflict of interest prohibited by General Municipal Law, § 801. A question arises, however, as to the propriety of a town justice, whose spouse owns stock in a corporation holding a liquor license, presiding over cases involving violations of the Alcoholic Beverage Control Law. According to Matter of the Removal of John B. Schamel, 46 A.D.2d 236, the provisions of the Canons of Judicial Ethics adopted by the New York State Association of Magistrates, the Code of Judicial Conduct of the New York State Bar Association and the General Rules of the Administrative Board of the Judicial Conference are binding upon a town justice, and since the aforementioned question appears to involve judicial ethics and an interpretation of the canons and rules referred to above, the inquiry should be addressed to those who promulgated said canons and rules.
It should be noted that General Municipal Law, § 809, requires that certain applications to a municipality disclose the nature and extent of the interest of any officer or employee of the municipality in the person, partnership or association making the application. Subdivision 2 of said section provides that an officer or employee shall be deemed to have an interest in the applicant when his spouse owns or controls stock of a corporate applicant.