In the Matter of CHARLES L. ROBINSON et al., Doing Business as " ROBINSON AND ERNST HOTEL ", Respondents, against JOHN F. O'CONNELL et al., Constituting the New York State Liquor Authority, Appellants.

Third Department, June 13, 1952.

*Alvin McKinley Sylvester, Counsel, State Liquor Authority* (*William Christopher Phelan, Harry F. Karst,* and *Lucille C. Bunzl* of counsel), for appellants.

*Arthur C. Aulisi* for respondents.

HEFFERNAN, J. The Town of Bleecker in the county of Fulton is a town of the second class, with a population of 190 inhabitants. The respondent Robinson is now and since January 1, 1942, has been the duly elected supervisor of the town.

On October 1, 1950, a hotel liquor license was issued to the respondents for premises located in the town of Bleecker, Fulton County, for the licensed period expiring September 30, 1951. This was simply a renewal of many licenses previously issued to these respondents at the same address.

On the 9th day of August, 1951, the appellants notified respondent Robinson by letter advising him that as town supervisor he was a person not eligible to hold a retail liquor license by virtue of the provisions of section 128 of the Alcoholic Beverage Control Law. The letter also notified Robinson that the license would not be renewed upon its expiration unless this disability was removed.

Thereafter, respondents filed their application for renewal of their license commencing October 1, 1951. Appellants declined to renew the license on the sole ground that respondent Robinson is a supervisor of the town in question. Following this refusal respondents instituted the present proceeding for an order directing appellants to issue a license. This application was

granted by the Special Term and from that order appellants have come to this court.

The only question for consideration on this appeal involves the interpretation of section 128 of the Alcoholic Beverage Control Law, the pertinent provisions of which are: " It shall be unlawful for any police commissioner, police inspector, captain, sergeant, roundsman, patrolman or other police official or subordinate of any police department in the several villages, towns and cities of this state, to be either directly or indirectly interested in the manufacture or sale of alcoholic beverages or to offer for sale, or recommend to any licensee any alcoholic beverages."

Paragraph (b) of subdivision 1 of section 20 of the Town Law provides in part that: " every town of the second class shall have a supervisor, two justices of the peace, two town councilmen, a town clerk, a town superintendent of highways, three assessors, a collector, and as many constables as the town board may determine necessary."

In the case before us all the members of the town board are elected. There are no disputed questions of fact in this proceeding and, consequently, the Special Term not only had the power but it was its duty to pass upon the issues in the first instance without transferring the same to this court (*Matter of City Ice & Fuel Co.* v. *Public Service Comm.,* 260 App. Div. 537, 543–544).

Section 29 of the Town Law prescribes the powers and duties of the supervisor; section 39 of the same act prescribes the powers and duties of constables and town policemen; and, section 64 of the law specifies the powers and duties of town boards. Subdivision 23 of this section reads: " *General powers.* Shall have and exercise all the powers conferred upon the town and such additional powers as shall be necessarily implied therefrom ".

The record in this case discloses that no constables were ever appointed by the town board for the town of Bleecker since January 1, 1924. In fact, there is no proof that the board at any time in its history ever made such an appointment. Unquestionably, the town board has authority, if it sees fit to exercise it, to appoint constables and prescribe their duties. That, however, is entirely discretionary with the members of the town board. Appellants urge that because the town board has failed to appoint constables, that the members thereof are the police officers of the town. In substance, they contend that respondent Robinson is a police officer and, consequently, is prohibited

from trafficking in liquor under the provisions of section 128 of the law which we have quoted.

A supervisor of a town of the second class has no authority whatever to appoint or remove police officers, special policemen, constables or any other law enforcement officer. We cannot agree with the contention of appellants that respondent Robinson is a police officer. Certainly, he is not a police commissioner, police inspector, captain, sergeant, roundsman, patrolman or other police official or subordinate of any police department. In no ordinary acceptation of that term can he be regarded as a police official. In our opinion it would be doing violence to the ordinary meaning of the term,'' policeman '' as well as to the intention of the Legislature to hold that the supervisor is one of the police officials of the town.

In our opinion the appellants were not justified in refusing to renew petitioners' license on the ground assigned by them. It is crystal clear that they failed to give the statute in question a proper interpretation.

The learned Justice at Special Term very properly directed them to renew the license for which petitioners applied and his order should be affirmed, with $50 costs and disbursements to respondents.

Foster, P. J., Brewster, Bergan and Coon, JJ., concur.

Order affirmed, with $50 costs and disbursements to respondents.