John H. Doerr, J.
The question presented in this article 78 proceeding is whether petitioner is disqualified from holding a retail liquor license pursuant to section 128 of the Alcoholic Beverage Control Law on the sole basis of her husband’s position as a State policeman.
That statute in pertinent part provides: “ It shall be unlawful for any police commissioner, police inspector; captain, sergeant, roundsman, patrolman or other police official or subordinate of any police department in the several villages, towns and cities of this state, to be either directly or indirectly interested in the manufacture or sale of alcoholic beverages or to offer for sale, or recommend to any licensee any alcoholic beverages ” (Alcoholic Beverage Control Law, § 128).
The facts can be simply stated.
John R. McGrath is the owner-operator of the McGrath Liquor Store, and he has a retail liquor license therefor duly issued by the State Liquor Authority for premises located in Groton, New York.
On November 21, 1973, petitioner entered into an agreement to purchase that liquor store from McGrath. The contract was contingent upon petitioner being granted the required license from respondent and securing a lease to the real property wherein the store is located from the landlord.
The lease assignment has been secured.
*373 In any event petitioner filed her license application with the Tompkins County Alcoholic Beverage Control Board, which conducted an investigation thereof, and on December 28, 1973, recommended to respondent that said application be approved and the license issued.
A careful review of the application clearly shows that petitioner is the sole applicant and the source of her funds to purchase and operate such business has been fully set forth, documented and verified. She is a married woman but no funds or moneys of her husband are involved and he has not and in the future will have no interest whatsoever in the licensed premises or the business operation.
However, petitioner’s husband is a State policeman and respondent’s Buffalo, New York office on February 4, 1974, disapproved her application for the following and only reason “ Applicant, wife of State policeman, disqualified — section 128 Alcoholic Beverage Control Law ”.
Petitioner requested a full review of that denial by the members of respondent which was held at their regular meeting on March 20, 1974. The majority affirmed the disapproval but added additionally that such disapproval was also based on their discretion. It is of passing interest that respondent’s determination was not unanimous and that one Authority member dissented and favored approval of the application.
It is clear that petitioner’s husband will have no interest whatsoever in the licensed premises, either directly or indirectly, except for the marriage relationship with petitioner.
A “ licensee ” means any person to whom a license has been issued (Alcoholic Beverage Control Law, § 3, subd. 18), and a “ person ” includes an individual, copartnership, corporation, society or joint stock company (Alcoholic Beverage Control Law, § 3, subd. 22).
In neither instance has the Legislature seen fit to include either a husband or a wife in those definitions.
Petitioner contends that the disapproval at issue based upon her marital status and the exercise by respondent of its discretion is a violation of lawful procedures, arbitrary, capricious, discriminatory and a violation of her civil rights.
This court agrees.
“ Property, real or personal, now owned by a married woman * * * or acquired by her * * * and the rents, issues, proceeds and profits thereof, shall continue to be her sole and separate property as if she were unmarried, and shall not be *374 subject to her husband’s control or disposal nor liable for his debts.” (Domestic Relations Law, § 50.)
Petitioner has the right to own and operate a business and to earn her livelihood in any lawful manner free from the interference or control of her husband and a contract by her is not binding on her husband or his property (General Obligations Law, § 3-303).
Furthermore, petitioner is entitled to the equal protection of the laws and she is not to be discriminated against by the State or any agency or subdivision thereof (Civil Rights Law, § 40-c), and if she is, there are statutory penalties which can be invoked (Civil Rights Law, § 40-d).
It is clear that petitioner should not be denied the license sought merely because she is a married woman. If she were the spouse of one who earned his livelihood in any capacity other than as a police officer that marriage standing alone would not be grounds for denial of her application.
Respondent contends, however, that as the wife of1 a State policeman she should not be licensed per se and the single buttress to that determination is section 128 of the Alcoholic Beverage Control Law.
That statute with specificity limits certain listed police officers from any interest, direct or indirect in the manufacture or sale of alcoholic beverages. However, there is no definition of what constitutes such direct or indirect interest. Since the section is in the nature of a prohibition it must be strictly construed and resort must be had to the entire application and record with each determination made on an ad hoc basis. The papers, exhibits and documents before this court are totally devoid of any evidence whatsoever that petitioner’s husband will have any interest directly or indirectly in his wife’s liquor store. Actually the record is otherwise and clearly demonstrates that he will nót be connected in any manner with'the licensed premises or their operation.
“ On the present record it is the ultimate in arbitrariness for the State Liquor Authority, as an arm of the State, to effectively sabotage the duly enacted law of the State (Domestic Relations Law, § 50; General Obligations Law, § 3-305). These laws have -vested women with individual property rights. If the State Liquor Authority in fact believes that public policy or interest requires a statutory provision that marriage between a licensee and a police 'officer should be grounds, per se, for a refusal to issue a license, then the court suggests (without commenting on the constitutionality thereof) that the State Liquor Authority *375 undertake to have the Alcoholic Beverage Control statute so amended.” (Sanspar Rest. Corp. v. Ring, 65 Misc 2d 847, 855, affd. 39 A D 2d 595, mot. for lv. to app. den.)
Respondent contends that Sanspar Rest. Corp. v. Ring (supra) is of no assistance to petitioner because in that case the marriage to a police officer occurred subsequent to the wife’s having acquired an interest in a restaurant-tavern license. Such position by respondent is not only untenable but at variance with their posture here. “ There is no legal precedent for the conclusion that the wife of a policeman is within the interdiction of section 128 of the Alcoholic Beverage Control Law solely because of the marriage ”. (Sanspar Rest. Corp. v. Ring, supra, p. 856.)
This court does not reach nor decide the interesting question of whether a State policeman is included within the prohibition of section 128 of the Alcoholic Beverage Control Law, which by its language addresses itself with specificity to the members of village, town and city police departments. The section has been held not to apply to narcotic correction officers (1972 Opns. Atty. Gen. 7); members of auxiliary police under the State Civil Defense Law (1951 Opns. Atty. Gen. 91); and, among others, deputy sheriffs (1935 Opns. Atty. Gen. 133).
Respondent’s final argument is that a possible conflict could develop if petitioner’s husband was ordered to investigate some undefined criminal activity at the licensed premises operated by his wife. That thesis is tissue thin and most remote at a package liquor store than probably any other type of licensed premises. Furthermore, the extension of that position would become totally prohibitive and discriminatory as to children, parents, and other relatives, ad infinitum. Nor can it be overlooked that such conflict would exist whenever a police officer is called upon to investigate a complaint against his family or relatives for alleged criminal activities having no connection whatsoever with the enforcement of the Alcoholic Beverage Control Law. The projection of such an argument is illogical at best.
The respondent was not justified in refusing to grant petitioner’s application and they have acted in a manner which is arbitrary, capricious and an abuse of discretion.
The disapproval here is insupportable in fact or law.
The determination by respondent is annulled, and respondent is ordered to approve petitioner’s application for a retail liquor license and issue same forthwith.
The petition is in all respects granted.