■    In the Matter of TERRY JOWDY et al., Respondents, v STATE LIQUOR AUTHORITY, Appellant.—Judgment unanimously affirmed with costs. Memorandum: Special Term properly annulled appellant State Liquor Authority's determination which denied petitioner-respondent's application for a special on-premises liquor license for a restaurant-tavern. The authority gave as its reasons for its disapproval that petitioner's father is one of two Town Justices in the town where the tavern is located; that from 1944 to 1954 the father was licensed by the authority and operated the tavern; that thereafter he was the landlord of the premises until 1967 when the father became a Town Justice, at which time he conveyed the title to the property to petitioner's mother, who still owns the property. Petitioner has leased the premises from his mother, conditional upon his ability to secure a liquor license. The authority stated in its disapproval notice that "Although it is stated that Mr. Jowdy [father] would not preside over cases involving the premises licensed to his son, the Authority concludes that approval of this application would violate the spirit and intent of the Alcoholic Beverage Control Law that 'persons involved in the law enforcement process' not be interested directly or indirectly in the manufacture or sale of alcoholic beverages". There is not one scintilla of evidence which indicates that petitioner's father or mother has any direct or indirect interest in the business conducted on premises. We recognize the responsibility which the authority has to control the sale and distribution of alcoholic beverages but that responsibility must be exercised without arbitrariness or unreasonableness. It would be patently unfair to deny petitioner's right to operate the restaurant-tavern on the assumption that he will violate the Alcoholic Beverage Control Law and that his father, in turn, will violate his oath of office as a Town Justice. The disapproval of petitioner's application was arbitrary, capricious and an improper exercise of discretion and Special Term correctly annulled the authority's determination (see *Matter of Walpole v State Liq. Auth.,* 78 Misc 2d 372, affd 46 AD2d 1010; *Sanspar Rest.*

*Corp. v Ring,* 65 Misc 2d 847, affd 39 AD2d 595; *Matter of Robinson v O'Connell,* 280 App Div 270; *Matter of Mitchell v O'Connell,* 279 App Div 1137). (Appeal from judgment of Niagara Special Term annulling determination which denied liquor license.) Present—Moule, J. P., Cardamone, Simons, Goldman and Del Vecchio, JJ.