Hon. Charles E. Inman Town Attorney, Greenport
This is in response to your letter wherein you ask for an opinion of the Attorney General whether a police officer may be employed by a grocery store licensed to sell beer at retail for off-premises consumption when the store would be owned and managed by the officer's wife.
Alcoholic Beverage Control Law, § 128 (1), provides in part:
 "1. Except as otherwise provided in section one hundred twenty-eight-a, it shall be unlawful for any police commissioner, police inspector, captain, sergeant, roundsman, patrolman or other police official or subordinante of any police department in the state, to be either directly or indirectly interested in the manufacture or sale of alcoholic beverages or to offer for sale, or recommend to any licensee any alcoholic beverages. * * *" (Emphasis supplied.)
Alcoholic Beverage Control Law, § 128-a, provides:
 "Notwithstanding any inconsistent provision of law to the contrary, the authority shall promulgate such rules and regulations as may be necessary to provide that it shall not be unlawful for a police officer employed in this state, having written permission and consent from his commanding officer, to work in a premises licensed to sell beer at retail for off-premises consumption under section fifty-four of this chapter."
Pursuant to the direction of Alcoholic Beverage Control Law, §128-a, the State Liquor Authority has adopted such Rules and Regulations, 9 NYCRR 100.1, providing in part as follows:
 "Section 100.1 Employment of police officers in licensed premises, (a) A police officer employed in this State, having written permission and consent from his commanding officer, may work in a premises solely licensed to sell beer at retail for off-premises consumption under section 54 of the Alcoholic Beverage Control Law.
 "(b) A copy of such written consent shall be kept on the licensed premises throughout the period of employment of such police officer in such licensed premises." (Emphasis supplied.)
Domestic Relations Law, § 50, provides:
 "Property, real or personal, now owned by a married woman, or hereafter owned by a woman at the time of her marriage, or acquired by her as prescribed in this chapter, and the rents, issues, proceeds and profits thereof, shall continue to be her sole and separate property as if she were unmarried, and shall not be subject to her husband's control or disposal nor liable for his debts."
The decision in Sanspar Restaurant v. Ring, 65 Misc.2d 847 (Supreme Court, Nassau County), affd 39 A.D.2d 595 (1971), held that a wife's ownership of an establishment that serves liquor does not, per se, mean that her husband has an interest in the business. The Court noted that:
 "The State Liquor Authority has demonstrated no present, future or contingent interest by the husband of the licensee. There has been no factual showing by respondent that the husband has even the slightest right of control, or is subject to any liability for the operation of the licensed premises.
 "The law clearly states that marriage does not confer on the husband an interest in the wife's individually owned property. `The property of a wife is her sole and separate property, and such property is not subject to husband's control or disposal.'" (Emphasis supplied.)
We conclude that a police officer, otherwise qualified, may work in a grocery store licensed to sell beer at retail for off-premises consumption where the officer has no direct or indirect interest in the sale of the beer. The fact that the officer's wife owns the grocery store which sells the beer at retail for off-premises consumption is not, perse, conclusive that the officer has either a direct or indirect interest in its sale.