■ In the Matter of ROSE M. ROSICA et al., Respondents, v STATE LIQUOR AUTHORITY OF THE STATE OF NEW YORK, Appellant.—Judgment unanimously modified and, as modified, affirmed, with costs to petitioners, in accordance with the following memorandum: Petitioners, Rose Marie Rosica and Elise Marie Rosica, a mother and her daughter, agreed to purchase a retail liquor store from a relative who was retiring. They applied to respondent for a license and that application was granted, conditioned upon Frederick Rosica, petitioner Rose Marie Rosica's husband, resigning his employment as a Deputy Sheriff of Tompkins County (see Alcoholic Bever-

age Control Law, § 128, subd 1). At the present time, the husband has no direct or indirect interest in the business or the licensed premises and we find the license condition of resignation imposed upon him arbitrary (see *Matter of Walpole v State Liq. Auth.*, 78 Misc 2d 372, affd 46 AD2d 1010; *Matter of Sanspar Rest. Corp. v Ring*, 65 Misc 2d 847, affd 39 AD2d 595). Mr. Rosica has indicated that he might work or help out in the store, however, and such participation in the business contravenes the provisions of the statute. The license should be granted subject to forfeiture if Frederick Rosica participates in the business in any way. (Appeal from judgment of Erie Supreme Court—art 78.) Present—Cardamone, J. P., Simons, Hancock, Jr., Callahan and Witmer, JJ.