■ In the Matter of NANCY E. WILSON, Doing Business as BAYSIDE PARK GROCERY, Respondent, v NEW YORK STATE LIQUOR AUTHORITY, Appellant.— Appeal from a judgment of the Supreme Court at Special Term, entered April 5, 1979 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, seeking to vacate respondent's determination denying petitioner an off-premises beer license and direct respondent to issue such license upon petitioner's tender of the appropriate fee and bond. Petitioner sought an off-premises beer license to sell beer in connection with a grocery business she operates. The store is leased to petitioner from petitioner and her husband, owners of the premises, for $150

a month. The Jefferson County Alcoholic Beverage Control Board informed petitioner that it would recommend disapproval of the license to the State Liquor Authority because petitioner's husband was a Deputy Sheriff and section 128 of the Alcoholic Beverage Control Law states that it is unlawful for a police officer to be either directly or indirectly interested in the sale of any alcoholic beverages. The State Liquor Authority subsequently disapproved the application for the same reason. The authority urges that Special Term erred in vacating the denial of the license and that its construction of section 128 of the Alcoholic Beverage Control Law is entitled to great weight. It is axiomatic that the interpretation of a statute by the agency charged with its enforcement is entitled to great weight and must be upheld absent arbitrariness and unreasonableness. *(Matter of Howard v Wyman,* 28 NY2d 434.) We find that the authority's rationale for denying the license fails to meet the standard of rationality in this case. A construction of section 128 whereby a property interest by a policeman in a building where liquor is sold automatically disqualifies the applicant from receiving a license is unreasonable. Neither the lease alone nor the marital relationship gives the husband any interest in the grocery business (see *Matter of Rosica v State Liq. Auth. of State of N. Y.,* 69 AD2d 1015; *Matter of Jowdy v State Liq. Auth.,* 49 AD2d 672; *Sanspar Rest. Corp. v Ring,* 65 Misc 2d 847, affd 39 AD2d 595). Since there is absent any other indicia of a direct or indirect right of control of the licensed premises in the record, the denial of the license was arbitrary and unreasonable. Judgment affirmed, without costs. Staley, Jr., Main, Mikoll and Casey, JJ., concur.

Kane, J. P., dissents and votes to reverse in the following memorandum. Kane J. (dissenting). I am unable to conclude that petitioner's husband is not "either directly or indirectly interested in the * * * sale of alcoholic beverages" (Alcoholic Beverage Control Law, § 128), under the facts of this case. Furthermore, the authorities cited by the majority as support for their position are, in my view, clearly distinguishable. Accordingly, since there is a rational basis for the determination of respondent, I would reverse *(Matter of Howard v Wyman,* 28 NY2d 434).