Stephen J. Wing, Esq. Dutchess County Attorney
You inquire whether sections 128 and 128-a of the Alcoholic Beverage Control Law apply to deputy sheriffs.
Section 128 provides that except as provided in section 128-a, it is unlawful for a member of a police department in the State to be either directly or indirectly interested in the manufacture or sale of alcoholic beverage or to offer for sale or recommend to any licensee any alcoholic beverage.
Section 128-a requires the State Liquor Authority to promulgate rules permitting a police officer employed in the State and having written consent from his commanding officer, to work in a premises licensed to sell beer at retail for off premises consumption.
In Rosica v State Liquor Authority (69 A.D.2d 1015 [4th Dept, 1979]), the Appellate Division applied the provisions of section 128 to a deputy sheriff. Although it was found that the deputy had no "interest" in a liquor store to be owned by his wife, the case is authority for the application of section 128 and companion section 128-a to deputy sheriffs. The Appellate Division held that the license should be granted subject to forfeiture if the deputy sheriff participated in the business in any way.
The section 128 prohibition applies to designated members of any police department in the State "except as otherwise provided in section 128-a". Section 128-a uses the language "police officer employed in the state". The term police officer as defined in section 1.20 (34) (b) of the Criminal Procedure Law includes deputy sheriffs of counties outside New York City. We conclude that the statutory intent was to apply sections 128 and 128-a to deputy sheriffs.
You cite 1935 Op Atty Gen 133, which states that deputy sheriffs are not within the purview of section 128. A review of section 128 as it stood at the time of the opinion reveals a major difference as compared to the current section. In 1935 the prohibition extended to members of police departments in villages, towns and cities. Couties were not mentioned. Currently, section 128 applies to any member "of any police department in the state". The 1935 opinion of the Attorney General strictly construed section 128 as a penal statute and concluded that it did not apply to deputy sheriffs. However, the opinion suggested that the policy of section 128 should apply to deputy sheriffs as officials with authority to enforce the liquor laws and stated that it seemed reasonable for the Liquor Authority to implement the prohibition by regulation.
We also note that chapter 581 of the Laws of 1963 amended the Code of Criminal Procedure to add a new section 154-a which established the category "police officers". Deputy sheriffs were included as police officers under the section.
We conclude that, as of today, both the policy and the terms of sections 128 and 128-a apply to deputy sheriffs.