Patricia J. MOORE, Plaintiff,

v.

HONEYWELL INFORMATION SYSTEMS, INC., Defendant.

Civ. No. 79–0489.

United States District Court,
D. Hawaii.

March 10, 1983.

**1230**

John D. Himmelmann, Smith, Himmelmann & Shklov, Honolulu, Hawaii, for plaintiff.

Susan P. Walker, J. Michael Hiatt, Crystal K. Rose, Carlsmith, Carlsmith, Wichman & Case, Honolulu, Hawaii, for defendant.

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

FONG, District Judge.

The instant case is brought by plaintiff against defendant Honeywell for wrongful discharge from employment. The action, originally filed in the state court, was removed to this court on the basis of diversity. Plaintiff's cause of action is based upon two state statutes, the Employment Practices Act (H.R.S. Chapter 378) and the Married Woman's Act (H.R.S. Chapter 573).

The essential facts in the case are undisputed. In November, 1977, plaintiff Patricia Moore and her husband, both employees of Honeywell, made a decision to form their own computer company while continuing their employment at Honeywell. In April, 1978, they incorporated a company and named themselves as officers and directors of the corporation. Each of them owned 50% of the stock of the company.

After learning about this new company, Honeywell conducted an investigation and discussed the nature of the business with the Moores. It thereupon concluded that the Moores were in violation of company policy which forbade a Honeywell employee from engaging in any activity or becoming involved in any arrangement "directly or indirectly through a family member or other person acting on his behalf" which would conflict, or be reasonably viewed as conflicting, with his or her responsibilities at Honeywell.[1]

Honeywell requested the Moores to totally divest themselves of any interest in the new business if they wished to remain Honeywell employees. Plaintiff offered to divest herself of all of her interests. This offer was found to be unacceptable to Honeywell, since Mr. Moore was at the same time unwilling to also divest himself of his interests in the company. On April 6, 1978, when it became apparent that both Mr. and Mrs. Moore would not divest themselves of their interests in the new business, they were given the opportunity to resign from Honeywell. When they refused to do so, they were both discharged.

Honeywell has filed the instant motion for summary judgment, seeking a determination that neither of the two statutes provide a cause of action under the facts of the instant case. The issues presented are apparently one of first impression in this district. After carefully reviewing the authorities and the arguments of counsel, the Court grants Honeywell's motion for the reasons stated below.

### EMPLOYMENT PRACTICES ACT.

H.R.S. § 378–2(1) provides that it is an unlawful discriminatory practice to refuse to hire, to fire, or otherwise discriminate because of race, sex, age, *marital status,* religion, color, ancestry, etc.[2] Honeywell argues that the cause of action under this statute must be dismissed because plaintiff's termination from employment was not based upon her marital status. It

---

1. Included in the company policy were express prohibitions against the employee "directly or indirectly through a family member or other person acting on his behalf", (a) serving as an officer or director of another corporation without prior approval, or (b) to own capital stock in a competitor of Honeywell, if such investment is significant enough to interfere or conflict with the employee's responsibilities and obligations to Honeywell.

2. The relevant text in 1977 was as follows: It shall be unlawful discriminatory practice or unlawful discrimination:

(1) For an employer to refuse to hire or employ or to bar or discharge from employment, any individual because of his race, sex, age, religion, color, ancestry, physical handicap, *marital status,* or arrest and court record which does not have a substantial relationship to the functions and responsibilities of the prospective or continued employment, provided that an employer may refuse to hire an individual for good cause relating to the ability of the individual to perform the work in question. (emphasis supplied)

H.R.S. § 378–2(1).

relies principally on *Thomson v. Sanborn's Motor Express Inc.,* 382 A.2d 53, 154 N.J. Super. 555 (1977). In that case, the New Jersey Supreme Court, considering a statute similar to the Hawaii one, upheld a company's policy of forbidding "relatives" from working for the company in the same location. The plaintiff complained that she was terminated by virtue of her marital status, since she was discharged because her husband was working in the same location.

The New Jersey court held that the plaintiff was terminated because of her relationship to another employee, not simply because of her marital status. The company policy was directed to all employees, not just married ones, and the mere fact that the "relative" in that case was a spouse did not render the company's action illegal.

In another case cited by Honeywell, *Klanseck v. Prudential Ins. Co. of America,* 509 F.Supp. 13 (E.D.Mich.1980), Judge Thornton noted that a similar company policy did not constitute discrimination by virtue of marital status:

> The policy does not come into play by virtue of a person getting married and assuming the status of a married person.... That *who* you are married to rather than *if* you are married is a significant distinction in evaluating discrimination because of marital status is well supported by respectable case law.... The identity and occupation of a spouse is a far cry from the fact of his/her existence. The statute herein prohibits discrimination on the basis of the existence or nonexistence of a spouse. It says nothing about discrimination because of a spouse having the same employer as the employee. (citations omitted).

509 F.Supp. at 18.

This Court finds the rationales of *Thomson* and *Klanseck* to be persuasive. Honeywell's actions are based not on the fact that plaintiff is a married person, but upon the relationship between the parties, which relationship may have been coincidentally created by marriage. Further, Honeywell's policy applies as well to other relationships not created by marriage. The company policy prohibits the employment of a person who is involved directly or indirectly "through a family member or other person acting on his behalf" in an arrangement which may conflict with his obligations at Honeywell. "Family member" is defined in the personnel booklet as "a spouse, a son or daughter (either natural or by adoption) or any blood relation not more distant than first cousin". Thus, if the other Honeywell employee in this case had been the plaintiff's mother or son, or her agent, the same result would have occurred.

Plaintiff tries to distinguish *Thomson* on the basis that the company policy in that case was based upon the fact that both spouses wanted to work in the same department. In the instant case, plaintiff argues that, since she was willing to divest herself of all direct interest in the competing company, the *direct* conflict was eliminated and so her firing was based solely upon her marital status.

Plaintiff's arguments make little sense. The challenge to the company policy in *Thomson* did not involve the issue of the directness or lack of directness of the conflict. The challenge to the policy was made on the basis of the plaintiff's status as a married person, and the court held that the policy did not discriminate against married persons. *Thomson* is directly applicable here.

Plaintiff further argues that she is being discriminated upon solely because of her married status, since the policy would not apply to situations where she and a friend, or she and an unrelated person with whom she was living, were both involved in a competing business. Plaintiff argues that if she offered to give up her interests in the business in those situations, as she did in the instant case, she would not have been fired. The argument is irrelevant, since the example situations do not give rise to the "family member" relationship to which the employment policy here was intended to apply; Honeywell's employment policy clearly applied only to all close *family* relationships, including that of husband and wife. Moreover, the argument would if

anything tend to address only the issue of whether the employment policy is a reasonable one, an issue which is not relevant to the determination of whether the policy violates the Employment Practices Act.

In sum, the employment policy of Honeywell, as it applies in the instant case, does not violate the Employment Practices Act because the policy is not based on the mere fact that the plaintiff is married. Honeywell's other arguments, that the plaintiff has failed to exhaust her administrative remedies, that the remedies provided by statute are exclusive, and that the employment policy here is a bona fide occupational qualification (BFOQ), are issues that need not be addressed by the Court at this time.

### MARRIED WOMAN'S ACT.

■ The parties agree that the Married Woman's Act, Chapter 573 of the Hawaii Revised Statutes, repeals the old common law fiction that women lost their independent legal identity upon marriage. Under this Act, a married woman has the ability to enter into contracts in their individual capacity and not as a mere appendage to her husband. They are able to own their separate property, to sue and be sued, to act as a surety, or to be a personal representative, guardian, or other fiduciary.

Plaintiff argues that this statute applies to the instant case because the conflict of interest here is "derivatively conferred upon plaintiff by reason of their unity as husband and wife". If Honeywell had accepted plaintiff's offer to divest herself of her interests in the competing company, she argues that she would no longer have any direct, or indirect, interest therein, and the conflict would no longer exist.

Plaintiff relies upon three New York cases, *Sanspar Restaurant Corp. v. Ring,* 65 Misc.2d 847, 319 N.Y.S.2d 230 (1971), *aff'd,* 39 A.D.2d 595, 332 N.Y.S.2d 608 (1972); *Walpole v. State Liquor Authority,* 78 Misc.2d 372, 356 N.Y.S.2d 462, *aff'd,* 363 N.Y.S.2d 322 (Sup.1974); and *Rosica v. State Liquor Authority,* 69 A.D.2d 1015, 416 N.Y.S.2d 154, 155 (1979). In those cases a police officer was prohibited by statute from having any direct or indirect interest in the manufacture or sale of alcoholic beverages. In each case, the wife of a policeman was refused a liquor license on the basis of that statute. The courts found that the wife was denied the liquor license solely because she was a married woman. The court further found that the policeman did not have either a direct or indirect interest in the liquor business by virtue of his wife's ownership of the store.

The basis for the courts' decisions was the New York equivalent of the Married Woman's Act. The rationale apparently was that, since the wife's business was her own and the mere act of marriage did not (by virtue of the Married Woman's Act) confer any interests of the wife's business to her husband, the husband could not be held to have any interest in the business.

With all due respect to the courts of New York, this Court reasons that if one cannot have an "indirect" interest in a business by virtue of a family relationship, it would be difficult to imagine under what other circumstances such an interest would arise. Moreover, the New York courts seem to overlook the practical reality that that existence of a close family relationship may create a commonality or alliance of interests. This commonality of interests could arise by virtue of the affinity between the family members themselves, and could just as easily apply to the relationship of daughter to father, or son to father, as well as to the relationship of husband and wife.

It appears that the Married Woman's Act was simply designed to allow married women to contract and do business in her own name and to generally give a married woman an independent legal identity. Honeywell has in all respects treated the plaintiff as an individual separate from her husband. The employment policy complained of is based not upon an assumed legal identity of a married woman with her husband, but simply reflects this practical recognition of the dynamics involved in any close family relationship.

■ The plaintiff makes two final points which should be addressed by the Court.

First, she challenges the reasonableness of Honeywell's employment policy. As noted before, whether or not the assumptions reflected in the employment policy are reasonable or proper does not in any way affect the determination the Court makes today of whether the policy is violative of either the Employment Practices Act or the Married Woman's Act. The Court, moreover, does find that Honeywell's policy is a reasonable one. Where there is a viable husband and wife relationship and one of the spouses is engaged in a competing business, it would be perfectly reasonable to conclude that the interests of both parties will eventually intertwine, since the success of the spouse's competing business will be of a real and direct benefit to both spouses.

Second, the plaintiff argues that the two businesses are not in competition, since Honeywell does not sell small computers in Hawaii. Again, whether the two businesses are actually in competition does not in any way affect the determination of whether the two statutes here are violated. The Court further finds that the two businesses need not be directly competing in the same geographic or product market in order for Honeywell to properly invoke its conflict of interest policy. Honeywell is undoubtedly in possession of valuable trade secrets, such as software programs, marketing techniques, market studies, and other valuable information developed perhaps at great cost to the company. The employment policy here seems to be a reasonable means to prevent the improper and unauthorized use of such information by persons or businesses which may unjustly benefit themselves with such information.

For the reasons stated above, the Court therefore finds that the employment policy of Honeywell does not contravene the policies or purposes of either the Married Woman's Act or the Employment Practices Act.

Defendant Honeywell's Motion for Summary Judgment is, and the same shall be, GRANTED as to both causes of action, and Judgment shall issue accordingly.