Lawrence J. Zobel, Esq. City Attorney, Dunkirk
You have asked whether on-duty police officers may be assigned by their commanding officers to act as security guards, to direct traffic or for crowd control purposes at places licensed to sell alcoholic beverages for on-premises consumption. If police officers are authorized to serve in this capacity, you inquire whether the city may seek reimbursement from the licensee for the costs of providing these services.
Section 128 of the Alcoholic Beverage Control Law provides that:
 "Except as otherwise provided in section one hundred twenty-eight-a, it shall be unlawful for any * * * patrolman or other police official * * * to be either directly or indirectly interested in the manufacture or sale of alcoholic beverages."
Section 128-a authorizes the State Liquor Authority to promulgate rules and regulations so that,
 "it shall not be unlawful for a police officer * * * having written permission and consent from his commanding officer, to work in a premises licensed to sell beer at retail for off-premises consumption under section fifty-four of this chapter."
Under this provision, the Authority has adopted the following regulation:
 "A police officer employed in this State, having written permission and consent from his commanding officer, may work in a premises solely licensed to sell beer at retail for off-premises consumption under § 54 of the Alcoholic Beverage Control Law." (9 NYCRR § 100.1).
These provisions do not restrict assignments of police officers in the course of their official duties. To avert potential conflicts of interest between law enforcement duties and private interests, section 128 forbids officers from being "directly or indirectly interested" in the sale of alcoholic beverages (see, Sanspar Rest. Corp. v Ring, 65 Misc.2d 847 [Sup Ct, Spec Term, Nassau Co, 1971], affd 39 A.D.2d 595 [2d Dept, 1972]). While section 128 thus prohibits officers from holding a state liquor license (1970 Op Atty Gen [Inf] 8), or from working in their off-duty hours in places licensed for on-premises consumption (1978 Op Atty Gen [Inf] 201), it has no application to the deployment of on-duty officers.
In answer to your second question, the city may not seek or accept reimbursement from the licensee for the costs of providing these police services. It is fundamental that a municipality may not enter into a contract under which it exacts compensation from a citizen for the performance of a duty owed to the public at large (McQuillin, Mun Corp, 3rd Ed, Vol 10, § 29.08, p 234). Police protection is a governmental service owed to the general public and a municipality is powerless to condition its provision upon payment of a fee by a resident or group of residents or to accept a fee from residents for such protection (ibid.).
We conclude that on-duty officers may be assigned by their commanding officers to provide security, crowd and traffic control at places licensed for on-premises consumption of alcoholic beverages. The city may not seek payments from the licensee for the costs of providing these services.