**Guy KINOSHITA and Ronald Nakashima, Plaintiffs-Appellants,**

**v.**

**CANADIAN PACIFIC AIRLINES, LIMITED, et al., Defendants-Appellees.**

**No. 84–2785.**

United States Court of Appeals, Ninth Circuit.

Argued Nov. 14, 1985.

Withdrawn From Submission Feb. 14, 1986.

Resubmitted Oct. 24, 1986.

Decided Oct. 24, 1986.

---

Jeffrey S. Portnoy, Edward deLappe Boyle, Cades, Schutte, Fleming & Wright, Honolulu, Hawaii, for plaintiffs-appellants.

Leslie A. Haysahi, Hamilton, Gibson, Nickelsen, Rush & Moore, Honolulu, Hawaii, Todd M. Sloan, Richard R. Pace, Hill, Farrer & Burrill, Los Angeles, Cal., for defendants-appellees.

Before SKOPIL, FLETCHER, and ALARCON, Circuit Judges.

FLETCHER, Circuit Judge:

Plaintiffs Guy Kinoshita and Ronald K. Nakashima appeal the judgment, entered after trial to the court, in favor of defendant Canadian Pacific Airlines (CP Air). Plaintiffs contend the district court erroneously held that CP Air's Employee Rules did not constitute a binding contract and erroneously held that CP Air's discharge of the plaintiffs did not violate public policy. Having certified the first issue to the Hawaii Supreme Court, we now affirm in part, reverse in part, and remand.

## BACKGROUND

Plaintiffs Kinoshita and Nakashima worked as part-time passenger agents for defendant Canadian Pacific Airlines (CP Air) at Honolulu International Airport and also worked part-time for World Airways. In 1978, after both plaintiffs had started working for CP Air, CP Air promulgated and distributed a memorandum for all agents, ground hostesses, clerical employees, and station attendants in the United States. The memorandum, promulgated in an effort to defeat a unionization attempt, is referred to as the "Employee Rules." In 1979, in an effort to defeat a second unionization attempt, CP Air distributed another memorandum to its employees stating that "our written employment agreements with you . . . constitut[e] an enforceable contract between us under labour law of the state in which you work. Thus your rights in your employment agreement are guaranteed."

Rule 27 of the Employee Rules concerns suspension and discharge and provides in part:

27.04 No permanent employee will be disciplined or discharged until his case first has been investigated. The decision in such cases to be reached within ten (10) calendar days from the date of suspension.

27.05 No employee may be held out of service without pay pending investigation for more than seven (7) work days....

27.06 If, as a result of any hearing or appeal therefrom, as provided herein, an employee is exonerated, who has been held out of service, he shall be reinstated without loss of seniority, and shall be paid for such time lost in an amount that he would have earned as regular salary had he continued to be in service during that period.

Rule 26 concerns the grievance procedure and states in part:

26.01 Employees who consider themselves unfairly treated shall have the right to file a grievance detailing the complaint and requesting a hearing.

....

26.05 Should no decision be given within the time limit specified, or the decision be unsatisfactory, the employee may appeal progressively to the Department Head, applicable Vice-President and, in turn, to the President or his designated representative.

On August 2, 1982, CP Air distributed another memorandum to its employees which provided in part: "Any employee who commits any act of an illegal nature when off duty which harms or has the potential to harm the company's reputation will be subject to disciplinary action which may include dismissal."

On October 19, 1982, the plaintiffs and three other World Airways employees were arrested by DEA agents at the Honolulu International Airport for conspiracy to promote cocaine. On October 20, Richard Tendo, CP Air's airport manager, was informed of the arrests, and he conveyed the information to defendant Donald Merrell, CP Air's Hawaii manager. CP Air then suspended the plaintiffs without pay.

On October 27, 1982, CP Air held what are variously termed hearings or meetings, at which the plaintiffs and others were present. CP Air held the hearings to investigate the circumstances surrounding plaintiffs' arrest. As a result of the investigation, and based on information CP Air then had before it, CP Air concluded that the plaintiffs' conduct might adversely affect passenger safety, might harm the company's reputation, and might adversely affect CP Air's business contracts. Because the plaintiffs had in the company's view violated the August 2, 1982 policy, CP Air discharged the plaintiffs. CP Air informed the plaintiffs that no appeal of their discharge would be allowed because of the gravity of their misconduct and because the decision to discharge was made in CP Air's Vancouver headquarters.

In December 1982, each plaintiff filed suit against CP Air and Merrell in Hawaii state court alleging violation of Title VII, violation of Haw.Rev.Stat. § 378-2, breach of contract, unlawful discharge, and emotional distress, and seeking reinstatement, damages, and attorneys' fees. On January 7, 1983, defendants removed the cases to federal court where they were consolidated. At the close of plaintiffs' case, the district judge granted the defendants' Rule 41(b) motion to dismiss the Title VII and emotional distress claims as to both defendants, and to dismiss all claims as to defendant Merrell.

Following completion of the trial on the plaintiffs' claims against CP Air for breach of contract, unlawful discharge, and violation of Haw.Rev.Stat. § 378-2, the court ruled in favor of the defendants on all counts. It held that the Employee Rules did not constitute a binding contract because there was no meeting of the minds and because CP Air retained the right unilaterally to change the rules. The court additionally held that CP Air had terminated the plaintiffs on the basis of cocaine trafficking and had not, therefore, violated

Haw.Rev.Stat. § 378–2. Consequently, an action for unlawful discharge would not lie. Plaintiffs timely appealed the district court's rulings on the claims for breach of contract, unlawful discharge, and violation of Haw.Rev.Stat. § 378–2.[1]

## DISCUSSION

### A. Enforceability of CP Air's Employee Rules

Plaintiffs contend that CP Air's Employee Rules constitute an enforceable contract, and that they are entitled to sue for breach of that contract. CP Air argues that the plaintiffs failed to establish the requisite elements of a contract under Hawaii law. The district court held for two reasons that no enforceable employment contract was formed: plaintiffs had failed to establish a valid offer and acceptance and, further, since there was no set period of employment, employees could be terminated at will.

Following oral argument in this appeal, we concluded that whether there was a contract turned on Hawaii state law and that there was no clear controlling precedent in the Hawaii judicial decisions. We accordingly certified the following question, along with a recitation of the relevant facts, to the Hawaii Supreme Court pursuant to Haw.R.App.P. 13: "Do CP Air's Employee Rules under Hawaii State law constitute a contract enforceable by the employees?" In an Opinion filed August 26, 1986, the Hawaii Supreme Court answered the question affirmatively: "CP Air's Employee Rules constitute a contract enforceable by the employees." *Kinoshita*

*v. Canadian Pacific Airlines, Ltd.,* 724 P.2d 110, 118 (Haw.1986).[2]

We therefore remand to the district court for additional proceedings to determine whether the contract was breached, and if so, what relief should be provided.

In light of the district court's determination that the employees had no contractual rights in respect to suspension and discharge, the district court did not examine whether CP Air followed its rules in investigating the charges against the plaintiffs, whether the plaintiffs were accorded the appeal rights provided in the contract, or whether the suspensions and discharges were justified under the employment contracts. These determinations and perhaps others will be required on remand.

### B. Discharge in Violation of Public Policy

As an alternate to their contract claim, plaintiffs alleged their suspensions and discharges violated public policy. Although the Hawaii court has been reluctant to imply contractual obligations to terminate employees only in good faith, *Parnar v. Americana Hotels, Inc.,* 65 Haw. 370, 652 P.2d 625, 629 (1982), it has adopted the "public policy exception" to the discharge-at-will rule, holding that "an employer may be held liable in tort where his discharge of an employee violates a clear mandate of public policy." *Id.* 652 P.2d at 631 (footnote omitted). The Hawaii Supreme Court, in *Parnar,* continued: "In determining whether a clear mandate of public policy is violated, courts should inquire whether the employer's conduct contravenes the letter

**1.** Nowhere in their appeal papers do the plaintiffs state whether they are appealing the district court judgment as to both defendants CP Air and Merrell, or only as to CP Air. The district court dismissed the breach of contract claim against Merrell finding that there was no employer-employee relationship between Merrell and the plaintiffs, and dismissed the unlawful discharge and § 378–2 claims against Merrell finding that Merrell had no separate obligation to the plaintiffs apart from any obligation CP Air might have had. On appeal, plaintiffs do not present any arguments to challenge these district court findings. We therefore treat this appeal as involving only defendant CP Air.

**2.** Since the filing of the decision of the Hawaii Supreme Court, the parties have filed with the court motions to file supplemental briefs (appellants sought alternatively to strike appellee's supplemental brief) and have lodged supplemental briefs. The panel has considered the supplemental briefs of both appellants and appellee and hereby orders that they be filed.

or purpose of a constitutional, statutory, or regulatory provision or scheme." *Id.*

Plaintiffs contend the employers' conduct here contravened Haw.Rev.Stat. § 378–2. It states in part: "It shall be an unlawful discriminatory practice: (1) For an employer to ... discharge from employment ... [any individual] because of ... arrest and court record." Plaintiffs contend that their discharges violated this statutory policy because their discharges were based on arrests. We disagree.

The district court found that CP Air was justifiably concerned, based on the information it had, that the plaintiffs' conduct involving drugs could harm the company's reputation and that employees' drug involvement was a serious matter, especially because of its status as an international carrier and its contract with Singapore Airlines to provide ground handling services. The trial court also found that other CP Air employees had been arrested for various non-drug related offenses and had not been discharged.

We review these findings of fact under the clearly erroneous standard. Fed.R. Civ.P. 52. Although the plaintiffs disagree with some of the court's findings, we conclude that they are supported by the record and are not clearly erroneous. Conflicting testimony was presented on some points. However, considering that the trial court judge had the opportunity to observe and evaluate the witnesses and determine credibility, we do not disagree with his findings.

■ Based on these findings, we conclude that CP Air did not violate § 378–2 when it discharged the plaintiffs. The discharges were not based on the "mere fact" of the plaintiffs' arrest and court record, but instead were due to the perception that plaintiffs were involved in drug-related activity. *See Moore v. Honeywell Information Systems, Inc.,* 558 F.Supp. 1229, 1230–32 (D.Hawaii 1983). In that case, Honeywell had a policy forbidding any employee from engaging in any activity "directly or indirectly through a family member or other person acting on his behalf" that might conflict with the employee's responsibilities at Honeywell. *Id.* at 1230 n. 1. When the plaintiff was discharged because her husband formed a computer company in which he owned an interest, she charged that Honeywell violated Hawaii Rev.Stat. § 378–2 by firing her because of marital status, another protected category under the statute. The court concluded that "Honeywell's actions are based not on the fact that the plaintiff is a married person, but upon the relationship between the parties, which relationship may have been coincidentally created by marriage." *Id.* at 1231. Accordingly, the court held that Honeywell did not violate § 378–2 "because the policy is not based on the mere fact that plaintiff is married." *Id.* at 1232. Since CP Air did not violate the public policy stated in § 378, the plaintiffs do not have a cause of action in tort under *Parnar.* We affirm the district court's judgment in favor of CP Air on the plaintiffs' tort claim.

### C. Attorney's Fees

■ CP Air and Merrell request an award of attorney's fees in this appeal, contending that the appeal is frivolous because the result is obvious and the arguments of error are wholly without merit. We disagree. The appeal raises both a previously unresolved issue of Hawaii contract law, and an issue of interpretation of a Hawaii statute. We deny the request for attorney's fees. The parties shall bear their own costs.

AFFIRMED in part, REVERSED in part, and REMANDED.