## In re BAY RIDGE INN, Inc.

## SMITH v. NEW YORK STATE LIQUOR AUTHORITY.

### No. 172.

Circuit Court of Appeals, Second Circuit.

Feb. 7, 1938.

William H. Ticho, of New York City (Monroe I. Katcher, II, of New York City, of counsel), for appellant New York State Liquor Authority.

Walter B. Milkman, of Brooklyn, N. Y., for appellee J. Read Smith, trustee in bankruptcy.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

On October 1, 1936, the New York State Liquor Authority issued to Bay Ridge Inn, Inc., a restaurant liquor license for the period of one year expiring September 30, 1937. The license required the corporation to file a bond within thirty days after the date of issue pursuant to section 112 of the Alcoholic Beverage Control Law, Consol.Laws, c. 3-B, in order to guarantee faithful observance of that law and the rules of the Authority.

On or about January 16, 1937, a voluntary petition in bankruptcy was filed by Bay Ridge Inn, Inc. On the same day the corporation was adjudicated a bankrupt, J. Read Smith was appointed receiver and thereafter became trustee. On February 13, 1937, the Authority received an instrument purporting to be an assignment of the license from the bankrupt to one Louis F. Adelson and executed by the Bay Ridge Inn, Inc., on October 2, 1936. On March 1, 1937, the trustee caused the bankrupt to surrender the license in order to obtain a refund of $685 pursuant to section 127 of the Alcoholic Beverage Control Law.

On January 24, 1937, one Ward, a custodian of the receiver, was arrested by a police officer charged with violation of section 106, subd. 5, because he had offered liquor for sale on that date during prohibited hours. Thereafter the Authority instituted a proceeding to cancel the license, by serving upon the bankrupt corporation and its president notice of a hearing containing the charges: (1) That the licensee had failed to file the prescribed bond; (2) that he had violated section 106, subd. 5, of the Alcoholic Beverage Control Law; (3) that he had assigned the license contrary to section 118, which provides that a license must be revoked for "transferring, assigning or hypothecating" the same. On June 2, 1937, the Authority sustained all of the foregoing charges, revoked the license, and ordered that it be canceled and that any refund which might have been due upon the surrender thereof under section 127 should be forfeited. On June 14, 1937, the trustee in bankruptcy of Bay Ridge Inn, Inc., served upon the Liquor Authority notice of an application to the District Court for the Eastern District of New York for an order annulling the decision of the Authority on June 2, 1937, which canceled the license, and directing that the surrender value thereof be paid to the trustee. On September 7, 1937, the court granted the motion to the extent of holding the cancellation by the Authority of no effect against the trustee, but providing that the Authority should be given an opportunity to institute proceedings to revoke the license upon due notice to the trustee. The order of September 7, 1937, also directed that the provisions thereof annulling the cancellation of the license by the Authority and adjudging the same of no effect against the bankrupt estate should be final unless within thirty days from the date of the order the Authority should institute proceedings to revoke such license. From that order the present appeal was taken. We think that the order should be reversed for the reason that any review of the decision of the Authority canceling the license could not properly be had in the bankruptcy court, but must be in the New York Supreme Court pursuant to section 121 of the Alcoholic Beverage Control Law.

Section 111 of that law provides that a license issued to any person shall be available only to the person therein specified.

Section 114, subd. 4, provides that a license shall contain a statement in substance that it "shall not be deemed a property or vested right, and that it may be revoked at any time pursuant to law." The license before us contained a statement to the above effect.

Section 119, subd. 2, prescribes the procedure for revocation or cancellation of a license and directs that such cancellation shall be "after a hearing at which the licensee and the local board of the county in which the licensed premises are located shall be given an opportunity to be heard."

Section 121, subd. 4, provides for a review in the State Supreme Court of "the revocation of a license or permit by the liquor authority."

Section 122 states that a receiver may continue to carry on the business of a licensee, but that, "before continuing such business, such receiver * * * shall file a statement setting forth in such form and substance as the liquor authority may prescribe the facts and circumstances by which he has succeeded to the rights of the original licensee." Section 122 further provides that: "The liquor authority may, in its discretion, permit the continuance of such business or may refuse to do so."

Section 127 governs the surrender and cancellation of licenses and the payment of refunds, and provides that, if an application is made for a refund and proceedings are instituted for the cancellation of the certificate of license and are determined against the applicant, the "license shall be canceled and any refund due thereon shall be forfeited."

 It seems evident from the foregoing sections that the liquor license was a privilege subject to the jurisdiction of the State Liquor Authority and, on review of the latter's action, to the jurisdiction of the New York Supreme Court, and that anything to which the trustee might succeed either by way of a permission to continue the liquor business or a right to obtain a refund was governed wholly by the Alcoholic Liquor Control Law. While a refund, if obtained pursuant to that law, might become assets of the bankrupt estate if the trustee after a proper application became entitled to have the license continued, he could not obtain such a license or secure any status that would entitle him to a refund through an application to the District Court. The deposit out of which he sought a refund was in the hands of the Liquor Authority. To have the license reinstated and to secure the refund he was obliged to avail himself of the means afforded by the act and seek his remedy by an application to the Authority and, if unsuccessful, by means of a review in the state court. The refund is not an asset in the hands of the bankrupt unless and until the Authority, subject to review by the New York court, shall award it to the trustee in accordance with the terms of the act. The right to reinstatement or to a refund depends wholly upon the action of the state tribunals and is in no way within the control of the bankruptcy court. Any rights or privileges of the trustee were created by the New York Legislature and were subject to such conditions as it might impose. Yates v. Mulrooney, 245 App.Div. 146, 281 N.Y.S. 216.

We hold that the order of the District Court annulling the determination of the State Liquor Authority (which canceled the license to Bay Ridge Inn, Inc., and forfeited any right to a refund) should be reversed and that the petition of the trustee to the District Court praying that the surrender value should be paid to him should be denied, without prejudice, however, to any right of the trustee to apply for relief to the State Supreme Court pursuant to the state statute of New York. Costs of this appeal are awarded to the New York State Liquor Authority.