In the Matter of the Application of THE PEOPLE OF THE STATE OF NEW YORK, by GEORGE S. VAN SCHAICK, as Superintendent of Insurance of the State of New York, for an Order to Take Possession of the Property and Liquidate the Business and Affairs of the CONCORD CASUALTY AND SURETY COMPANY.

Supreme Court, Special Term, New York County, June 23, 1939.

*Alfred C. Bennett* [*Benjamin Potoker* of counsel], for Superintendent of Insurance, as liquidator of Concord Casualty and Surety Company.

*John T. Cahill, United States Attorney for Southern District of New York,* appearing specially for the United States of America.

*Allen Ducker,* for William L. Rovner, stockholder.

*Moos, Nathan, Imbrey & Levine,* for Astor Cleaners and Dyers, Inc., claimant.

VALENTE, J. The Superintendent of Insurance of this State, as liquidator of Concord Casualty and Surety Company, seeks confirmation by this court of his third and final report, audit and petition, terminating the liquidation proceedings, distributing the funds in his hands and discharging and releasing the liquidator from all further liability. Two objections are before this court, one by William L. Rovner, a stockholder who sought the distributive value of his stock holding in the insolvent company, and the other by Astor Cleaners & Dyers, Inc., a claimant which filed subsequent to the last day fixed by statute and court order in these proceedings. The latter claimant, by reason of the untimely filing of its claim, has no standing in this proceeding. (Insurance Law, art. XI, § 424, subd. 2.) The liquidator has shown that no surplus can arise in these proceedings after payment of duly filed and allowed creditors' claims in full with interest. Said objections are, therefore, overruled.

The liquidator, in his report, asserts that no social security taxes are due and payable to the United States since all employees in the Liquidation Bureau are hired by a State officer pursuant to a State statute. He contends that as State employees they are not within the purview of and are expressly exempt from the provisions of the Social Security Tax Act. He asks to be relieved from any liability for the payment of such taxes. Due notice of this application was given to the United States of America who appeared specially for the sole purpose of questioning the jurisdiction of this court to determine said question, contending that the Federal courts have sole and exclusive jurisdiction over such controversy, notwithstanding that there is not presently pending any suit, claim or proceeding of any kind in any Federal court involving this matter. The liquidator asserts that such taxes, if indeed any are payable at all, would constitute expenses of conducting the proceeding which, pursuant to the express language of subdivision 2 of section 414 of the Insurance Law, *must* be passed upon by *this* court. He furthermore states that the question of whether such employees are State employees is now pending before

the Appellate Division, Third Department (*Matter of Kinney*, 257 App. Div. 496), and asks this court to withhold its opinion on the merits until determination of that appeal.

The taxes, if payable, arose subsequent to the dissolution of the company and appointment of the liquidator in these proceedings, and must be deemed expenses of the liquidation proceedings, which under the express language of the Insurance Law above referred to, *must* be passed upon and approved *by this court*. The funds are at all times under the control of this court (*United States* v. *Bank of N. Y. & Trust Co.*, 296 U. S. 463, 479; *National Bondholders Corporation* v. *Joyce*, 276 N. Y. 92), and this court has jurisdiction over all expenditures and matters pertaining to and arising out of the proceedings. As stated by Chief Justice HUGHES in *United States* v. *Bank of N. Y. & Trust Co. (supra)*: "The fact that the complainant in these suits is the United States does not justify a departure from the rule which would otherwise be applicable.
* * * The government insists that the United States is entitled to have its claim determined in its own courts. But the grant of jurisdiction to the District Court in suits brought by the United States does not purport to confer exclusive jurisdiction. * * * In this instance it cannot be doubted that the United States is free to invoke the jurisdiction of the State court for the determination of its claim and the decision of the State court of any Federal question which may be presented upon such an invocation, may be reviewed by this court and thus all the questions which the government seeks to raise in these suits may be appropriately and finally decided. Jud. Code, § 237, 28 U. S. C. 344."

The objection to jurisdiction raised by the government's special notice of appearance is overruled, with leave to file objections on the merits within ten days after service of the order entered herein. The liquidator's said report, audit and petition is in all other respects approved and confirmed. Submit order.