Walter Jeffreys Carlin, of New York City, for defendant, appearing specially for purpose of this motion.

Lester L. Weil, of New York City, for plaintiff.

## FIRST NAT. BANK OF ROSELLE v. LAFAYETTE NAT. BANK OF BROOKLYN.

### Civ. A. No. 2003.

District Court, E. D. New York.

Aug. 20, 1941.

ABRUZZO, District Judge.

This is a motion by the defendant to dismiss the complaint on the ground of lack of jurisdiction of the person of defendant and plaintiff; over the subject matter; and because the amount in controversy is less than the jurisdictional amount of $3,000, exclusive of interest and costs.

The defendant is a national banking association and the plaintiff is trustee for the owner of a $2,000 mortgage certificate of which mortgage the defendant is the trustee.

This is an action, quasi in rem, wherein the plaintiff, individually, and on behalf of all other certificate holders similarly situat-

ed, seeks to secure a judgment against the defendant because of its negligence and malfeasance.

The trustee was appointed by an order of the Supreme Court of the State of New York to administer the trust under the statutes of that state which apply to certificated guaranteed mortgages. By this action, the plaintiff seeks to surcharge the defendant trustee and have the surcharge paid over to the defendant itself as trustee or to any successor trustee which may be appointed by the Supreme Court of the State of New York.

The mortgage in which the plaintiff, as trustee, holds a certificate is in the amount of $125,000. The mortgage itself is one affected by the chaotic conditions which arose when the mortgage guarantee companies became involved in a precarious situation. Due to this condition, the legislature of the State of New York passed certain laws designed primarily to assist in saving the investments of the numerous certificate holders. Laws of New York of 1933, as amended, c. 745 ("Schackno Act"), Unconsol.Laws, § 1796 et seq.; and Laws of New York of 1935, c. 19 ("Mortgage Commission Act"), Unconsol.Laws, § 1751 et seq., were framed to give to the Supreme Court of the State of New York jurisdiction over the subject matter and of the persons of defendant and plaintiff with respect to matters between certificate holders (of which plaintiff herein is one) and the trustee defendant concerning the subject matter.

Following the procedure promulgated by the passing of these laws, an action was instituted in the New York Supreme Court for a plan of readjustment of the mortgage which is involved in the case at bar. On May 27, 1937, a final order was made whereby the defendant was duly appointed trustee of the property, the subject of this action, for the benefit of certificate holders, of which the plaintiff was one at that time. This order is still in full force and effect and has not been vacated, nor modified, nor in any way changed. By this order, the Supreme Court has assumed jurisdiction of the entire proceeding. The order recites that the Supreme Court of the State of New York shall retain jurisdiction until the complete liquidation of the trust estate and the termination of the trust.

The charge in the complaint is that the defendant as trustee committed an act of negligence and malfeasance by which the certificate holders suffered serious loss.

The bond and mortgage covered a mansion with some fifty-two acres of land. Interest was fixed at six per cent. The obligor and the mortgagor was one, William B. Leeds. The plaintiff alleges that this person was a man of large means and financial responsibility. The defendant granted a release to Leeds from the bond upon the execution by him of a deed to the trustee. This was done without consulting the certificate holders. By releasing Leeds from his obligation on the bond, the plaintiff charges that this single act resulted in a loss to this certificate holder and to those similarly situated. The purpose of this action is to obtain a judgment by which the defendant would be directed to pay to itself as trustee or to any successor trustee, a sum equal to the amount lost by the allegedly illegal act of the defendant.

The defense interposed, that the action must be dismissed because of lack of jurisdiction due to the amount in controversy being less than $3,000, must be sustained. Corcoran v. Royal Development Company, 121 F.2d 957, decided July 26, 1941, by the United States Circuit Court of Appeals for the Second Circuit, is the latest authority on this subject.

Corcoran, the plaintiff in that case, was the owner of seven $200 "Participating Contracts" ($1,400). He prayed for the following relief: that the holders of all three series be declared creditors entitled to be paid in priority to the shareholders; that certain provisions in the defendant's charter be declared void; and that the distribution of the proceeds realized from the sale of the corporate assets be enjoined until the determination of the issues raised in the court. The defendant moved for a dismissal of the complaint on the ground of lack of jurisdiction. The court held that jurisdiction did not depend upon the value of the assets to be administered but upon the amount actually in controversy, to wit, $1,400, in other words, that the amount due upon the plaintiff's debt is the amount in controversy.

In Lion Bonding & Surety Co. v. Karatz, 262 U.S. 77, at page 85, 43 S.Ct. 480, at page 483, 67 L.Ed. 871, the Court stated: "The only ground of jurisdiction alleged is diversity of citizenship. The facts specifically stated show that the amount in controversy was less than $3,000. Plain-

tiff's claim against the company was $2,100. He prayed that this debt be declared a first lien on the assets within the state. His only interest was to have that debt paid. The amount of the corporation's assets, either within or without the state, is of no legal significance in this connection. Nor is the amount of its debts to others. The case is not of that class where the amount in controversy is measured by the value of the property involved in the litigation."

The present case comes within the purview of the decisions just cited. As the amount in controversy is less than the jurisdictional amount, the action must be dismissed. In each of the foregoing cases, the court overruled the contention that jurisdiction would lie because others were similarly situated, or that the amount in controversy could be measured by the value of the property involved in the litigation.

■ This action must also be dismissed because of lack of jurisdiction in this Court over the parties and of the subject matter. There is no doubt that it was the intention of the New York State Legislature, in passing the "Schackno Act" and the "Mortgage Commission Act", to lodge exclusive jurisdiction in the Supreme Court of the State of New York over the person of defendant and plaintiff with respect to matters between certificate holders and trustees.

Concerning this particular mortgage, there is an accounting proceeding pending in the New York Supreme Court. That Court has exclusive jurisdiction in the accounting proceeding to pass upon the very matters urged by the plaintiff herein. The decisions in this Court so hold.

In the matter of Princess Lida v. Thompson, 305 U.S. 456, 59 S.Ct. 275, 83 L.Ed. 285, the question presented was whether the exercise of jurisdiction by a state court over the administration of the trustee deprived a federal court of jurisdiction of a later suit involving the same subject matter. The decision held that the federal court was without jurisdiction since the subject matter was within the exclusive jurisdiction of the state court.

Jacoby v. Bond & Mortgage Guarantee Co., 2 Cir., 72 F.2d 420, held that when the state superintendent of insurance by order of the state court had taken over assets of mortgage guarantee company and was administering them, the federal court was without power in a suit by holders of par-

ticipation certificates to appoint a trustee or to direct that the property be turned over to such trustees. This ruling made it necessary for dissentient certificate holders to seek relief in the state court which had acquired prior jurisdiction. This decision cited the case of People, by Van Schaick, v. National Surety Co., 264 N.Y. 473, 191 N.E. 521, wherein the "Schackno Act" was declared constitutional by the New York Court of Appeals.

It is obvious that since the New York State Supreme Court acquired jurisdiction of the mortgage in question, under the "Schackno Act" and the "Mortgage Commission Act", it retains exclusive jurisdiction over all matters pertaining to this mortgage.

Under the circumstances, this Court is deprived of jurisdiction over the case at bar and the motion to dismiss the action because of lack of jurisdiction is granted.

Settle order on notice.