In the Matter of Colonial Tavern, Inc.
d/b/a "Jacques"

and

Profile Lounges, Inc. d/b/a "Other Side,"
"Nineties International Restaurant,"
Debtors-in-Possession.

COLONIAL TAVERN, INC.
d/b/a "Jacques"

and

Profile Lounges, Inc. d/b/a "Other Side,"
"Nineties International Restaurant,"
Plaintiffs,

v.

Charles L. BYRNE et al., Defendants.

Nos. 76–0660–S, 76–0661–S.

United States District Court,
D. Massachusetts.

July 21, 1976.

Vern Countryman, Harvard Law School, Cambridge, Mass., Leonard M. Salter, Frank D. Kirby, Boston, Mass., for plaintiffs.

John F. Hurley, Asst. Atty. Gen., Boston, Mass., for Alcohol Beverage Control Commission.

Thomas McKenna, Law Dept., Boston, Mass., for Boston Licensing Board.

Michael DeMarco, Boston Police Headquarters, Boston, Mass., for Robert DiGrazia, Police Commissioner.

Joseph H. B. Edwards, Boston, Mass., for Bay Village Neighborhood Association.

## MEMORANDUM AND ORDER

SKINNER, District Judge.

This case came before me on cross appeals from orders of the Bankruptcy Judge. The debtors appeal from an order vacating a temporary restraining order and refusing to grant a preliminary injunction enjoining the Licensing Board of the City of Boston, the Police Commissioner of the City of Boston and the Massachusetts Alcoholic Beverages Control Commission from enforcing the suspension for sixty days of liquor licenses held by the debtors, both of which operate bars. The suspension was imposed for violation of a midnight closing hour previously ordered by the Licensing Board. The city and state authorities seek to vacate a stay pending appeal of the above order imposed by the Bankruptcy Judge. Since the appeal has been argued and briefed, and will be decided hereinafter, the matter of the stay is moot.

At issue is the applicability of Bankruptcy Rule 11–44, which provides that the filing of a petition under Chapter XI of the Bankruptcy Act "shall operate as a stay of the commencement or the continuation of any court or other proceeding against the debtor . . . ."

The debtors claim that this rule is broad enough to stay the license suspension proceedings commenced after the filing of the Chapter XI petition.

The Bankruptcy Judge ruled that the court lacked jurisdiction to deal with matters of local regulation.

 Rule 11–44 is the counterpart of § 314 of the Bankruptcy Act (11 U.S.C. § 714) in that it makes automatic the stays which the Bankruptcy Court is authorized to impose under § 314 on application of the debtor. The purpose and subject matter are the same: Basically, to protect the assets of the debtor from independent attack by creditors pending the course of the Chapter XI arrangement. *Teledyne Industries, Inc. v. Eon Corporation,* 373 F.Supp. 191, 203 (S.D.N.Y.1974). The debtors insist that this purpose, while predominant, is not exclusive, and that the words "other pro-

ceeding against the debtor" create a Chapter XI sanctuary from the enforcement of state regulation.

The Advisory Committee's Notes on Rule 11–44 state that:

"The reference to a stay of other proceedings against the debtor is to signify the inclusion of a pending arbitration proceeding within the scope of the automatic stay."

The only case specifically applying Rule 11–44 to state regulatory proceedings is *In Re Hillsdale Foundry Company,* 2 Collier Bankruptcy Cases 546, · Bankruptcy Court Decision 195 (W.D.Mich.1974). There the Bankruptcy Judge ruled that the proceeding of the State Department of Natural Resources and the Attorney General of Michigan to enjoin the operation of the debtor's factory because of failure to comply with pollution control laws was subject to stay by the Bankruptcy Court under 11 U.S.C. § 714, and, indeed, automatically stayed under Rule 11–44. In my opinion, that case was not correctly decided.

 In my view, the true relationship between the Bankruptcy Act and comprehensive state regulation was described by Judge Augustus Hand in *In Re Bay Ridge Inn, Inc., Smith v. New York State Liquor Authority,* 94 F.2d 555, 557 (2nd Cir. 1938). This case is attacked by the debtors as hopelessly antique, since it antedates both the Rule and § 314 (11 U.S.C. § 714). Furthermore, Judge Hand articulates the basic principles of the opinion in terms of the distinction between rights and privileges. That distinction is now out of fashion, at least in the context of the level of procedural due process required under the Fourteenth Amendment to sustain the revocation of licenses. The basic holding of the case, however, is that the powers of a Bankruptcy Court do not extend to interference in the comprehensive regulatory laws of a state. The validity of that holding, in my opinion, survives the demise of the rights-privilege distinction.

The force of Judge Hand's opinion is even more apparent in the context of a Chapter

XI proceeding, which is voluntary, and in which Rule 11–44 operates automatically upon the filing of a petition. If the debtors' position were to be adopted, Chapter XI would provide an instantly available, cheap and easy sanctuary from all state regulatory enforcement proceedings.

Nothing in the prior case law of § 314 or the available history of Rule 11–44 suggests that the Bankruptcy Act was ever intended by Congress to subvert the valid police power of the states in this manner.

Accordingly, the order of the Bankruptcy Judge in vacating the temporary restraining order and denying a preliminary injunction is AFFIRMED, and the stay thereof is VACATED.