**In the Matter of the Application of Albert B. LEWIS, as Superintendent of Insurance of the State of New York, for an order to take possession of the property and rehabilitate Manhattan Health Plan, Inc.**

No. 81 Civ. 2084 (PNL).

United States District Court,
S. D. New York.

April 28, 1981.

Philip Gassel, Epstein, Becker, Borsody & Green, New York City, for Albert B. Lewis.

Asst. U. S. Atty., Leona Sharpe, New York City, for Secretary of the U. S. Dept. of Health and Human Services.

## OPINION AND ORDER

LEVAL, District Judge.

This action was begun in New York State Supreme Court and removed by the defendant, the Secretary of the United States Department of Health and Human Services ["the Secretary"], to federal court. The Secretary moves to vacate a temporary restraining order entered in the state court on the application of plaintiff, the Superintendent of Insurance of the State of New York ["the Superintendent"].

The Superintendent moves to remand the action to the New York state court, and moves also for an injunction restraining the Secretary from revoking the Health Department's certification of Manhattan Health Plan.

The facts are not in dispute. Manhattan Health Plan ["MHP"] was a federally qualified health maintenance organization ["HMO"]. Through 1979 and 1980 MHP's financial status was investigated, and in 1981 MHP was threatened with revocation of its federal qualification by reason of its inadequate financing. On March 6, 1981 MHP brought suit in this court to enjoin the Secretary from revoking its federal

qualification, *MHP, Inc. v. Schweiker,* 81 Civ. 1312 (PNL). On March 13, 1981 I denied MHP's application for a temporary restraining order and preliminary injunction.

On April 1, the Secretary's representative, the Director of the Office of Health Maintenance Organizations, revoked MHP's federal qualification.

The same day the Superintendent of Insurance of the State of New York filed, in New York State Supreme Court, for an Order of Rehabilitation of MHP under Article 16 of New York State's Insurance Law. The state court adjudged MHP to be insolvent, and granted the Order of Rehabilitation, providing that the Superintendent was to take possession of MHP, conduct its business, and seek to remove the causes of its financial problems. The Order also enjoined all persons from doing or permitting to be done any act or thing which might waste MHP's assets.

On April 6, 1981 in the New York State court the Superintendent applied for and was granted a temporary restraining order enjoining the Secretary from revoking MHP's federal qualification, or from giving effect to any revocation of qualification.

The next day, April 7, the Secretary removed the entire rehabilitation proceedings to this court pursuant to 28 U.S.C. §§ 1441, 1442(a)(1) and 1446. The motions now pending were then made in this court.

On April 13, at oral argument the parties agreed under 28 U.S.C. § 1441(c) to remand to state court the rest of the rehabilitation proceedings, not including the restraining order against the Secretary and the motions addressed to it.

I conclude that the restraining order against the Secretary was properly removed to this court; the Superintendent's motion to remand it is denied. The temporary restraining order is hereby vacated, and the Superintendent's motion for a preliminary injunction against the Secretary is denied.

### Removal Jurisdiction

The Superintendent contends the case was not properly removed to federal court.

The Secretary primarily relies on 28 U.S.C. § 1442(a)(1) which provides:

(a) A civil action or criminal prosecution commenced in a State court against any of the following persons may be removed by them

. . . .

(1) Any officer of the United States or any agency thereof, or person acting under him, for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

The Secretary argues that the Superintendent's motion for an injunction against the Secretary is a civil action against the Secretary acting as an officer of the United States for an act performed under color of his office and, as such, is removable as of right.

The Superintendent argues that the motion is not a "civil action" against the federal officer, but is rather an order ancillary and incidental to the state rehabilitation proceeding, an *in rem* action which is within the exclusive jurisdiction of the state court.

The Superintendent supports this argument by the contention that federal qualification is an asset of MHP; it is therefore, like MHP's other assets, under the exclusive administration of the state rehabilitation court; its revocation would affect the value of MHP's other assets and the viability of its business; all leading to the asserted conclusions that the state bankruptcy court has exclusive jurisdiction and that the injunction issued against the Secretary is merely an ancillary act to the state court rehabilitation and not a separate removable action.

These arguments and the cases offered in support of the conclusion are not persuasive. The Secretary's interest in MHP's qualification is not as a claimant to rights in an asset; it is as a federal regulatory official performing a duty of evaluating the financial solidity of a regulated entity to determine whether continued official qualification is appropriate. This is a stubbornly mandated duty; *see* 42 U.S.C. § 300e–11 (1979 Supp.) In this context the Superintendent's argument makes little sense. Although the qualification might be perhaps properly characterized as an "asset" of the estate in a different kind of a dispute with a third party, such use of labels, wholly inappropriate in any event in this context, does not defeat the right of the federal officer to protective access by removal to federal court when enjoined in state court from performing his duties.

The cases cited by the Superintendent generally involved other bases for removal than the federal officers' statute, and generally involved competing claims for funds under the state court's jurisdiction; *see N. Y. v. National Cancer Hospital of America*, 153 F.Supp. 484 (S.D.N.Y.1956); *Overman v. Overman*, 412 F.Supp. 411 (E.D.Tenn. 1976); *Nowell v. Nowell*, 272 F.Supp. 298 (D.Conn.1967). *Western Medical Properties Corp. v. Denver Opportunity, Inc.*, 482 F.Supp. 1205 (D.Colo.1980) (which was under the federal officers' removal statute) involved an attempt by a federal agency to remove a garnishment proceeding by virtue of its interest in the garnisheed funds. This case, for the reasons spelled out above, is quite different.

Thus the nature of the action being taken by the Secretary is not of the type which belongs within the exclusive jurisdiction of the state court of rehabilitation. The nature of the relief sought against the Secretary is precisely the type for which removal is provided by § 1442(a)(1) to guarantee to officers of the United States access to a federal court when the lawfulness and propriety of their acts under color of office is challenged.

■ The fact that the order was ancillary to a state rehabilitation proceeding is of no consequence. To give controlling significance to that fact would put form and procedure over the substance of what the removal statute was designed to protect. Judging the character of the regulatory act which the federal official seeks to undertake and the character of the relief sought

and granted against him, I find that the action is removable under the provision of § 1442(a)(1). Whether the same would hold true if the federal official were seeking to perfect a security interest, or to protect rights as a creditor, or as an adverse claimant to some property interest, is not at issue here.

The Superintendent also argues that two federal statutes, the McCarran-Ferguson Act, 15 U.S.C. 1011 et seq., and a section of the 1978 Bankruptcy Act, confer exclusive jurisdiction on the state courts over regulation and rehabilitation of insurance companies.

■ This argument fails. The McCarran-Ferguson Act does not mean what plaintiff contends. Furthermore it excludes from its coverage any act of Congress which "specifically relates to the business of insurance. . . ." The argument is therefore specious as to the federal Health Maintenance Organization Act, 42 U.S.C. § 300e et seq., which authorizes the actions of the Secretary here sought to be enjoined. 42 U.S.C. § 300e–11 (1979 Supp.)

While the 1978 Bankruptcy Act excludes domestic insurance companies from its coverage, see 11 U.S.C. § 109(b)(2), (d) leaving rehabilitation or dissolution of insolvent insurers to state courts, this in no way implies that a federal official should be denied removed access to federal court when a state bankruptcy court seeks to enjoin his performance of his regulatory duties regarding an insolvent insurance company.

. U. S. v. Bank of New York & Trust Co., 296 U.S. 463, 56 S.Ct. 343, 80 L.Ed. 331 (1936), and In re Concord Casualty & Surety Co., 171 Misc. 893, 14 N.Y.S.2d 94 (Sup. Ct., N.Y. County 1939), cited by the Superintendent as support for exclusive state court jurisdiction, are not apposite. Each involved claims by the United States for funds which were under the control of the state court.*

### Sovereign Immunity and the Merits

■ Suits against the United States, and its officers acting in their official capacity, are barred unless the United States has consented to such suit or otherwise has waived sovereign immunity. *Brown v. General Services Administration*, 507 F.2d 1300 (2 Cir. 1974), aff'd 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976).

■ The Superintendent points to no waiver of sovereign immunity upon which this action against the United States rests. He argues, once again, that this is not an action against the United States, but merely a restraining order ancillary to an in rem action for rehabilitation designed to protect the res from adverse action. As indicated above, that characterization is incorrect. The federal official has been enjoined from performing his regulatory duty. It is an action against the United States and its officer. No waiver or consent has been identified which overcomes sovereign immunity or permits the suit.

■ The injunction also must be vacated on the merits. Its asserted justification rests only on the rehabilitation court's interest in staying actions by third persons which are contrary to the interests of the rehabilitation. It is long recognized that a state's exercise of regulatory or "police" power is not divested of jurisdiction or authority by the fact that the subject is under exclusive jurisdiction of a federal bankruptcy court. See *Smith v. New York State Liquor Authority, Inc. (In re Bay Ridge Inn, Inc.)*, 94 F.2d 555 (2 Cir. 1938); *In re National Hospital and Institutional Builders Co.*, 80 Civ. 6073 (PNL) (S.D.N.Y. February 26, 1981); *Colonial Tavern Inc. v. Byrne (In*

---

* The issue is not whether the state court should have exclusive jurisdiction of the rehabilitation. It is rather whether the order enjoining the federal official falls within the scope of that, otherwise uncontested, exclusive jurisdiction. Thus the other cases cited by the Superintendent in support of exclusive jurisdiction do not add to the argument. *See Superintendent of* *Insurance v. Banker's Life and Casualty Co.*, 401 F.Supp. 640 (S.D.N.Y.), aff'd mem., 526 F.2d 586 (2 Cir. 1975); *Mathias v. Lennon*, 474 F.Supp. 949 (S.D.N.Y.1979); *see generally O'Rourke v. Breakstone Bros., Inc.*, 218 F.Supp. 648 (S.D.N.Y.1963); *First Nat'l Bank v. Lafayette Nat'l Bank*, 40 F.Supp. 480 (E.D.N.Y. 1941).

*re Colonial Tavern, Inc.)*, 420 F.Supp. 44 (D.Mass.1976).

The principle is no less compelling when it is the state court that has exclusive jurisdiction of the bankrupt's assets and a federal administrator that seeks to exercise federal regulatory power.

■ Indeed this would seem an *a fortiori* case. The Supremacy Clause alone seems sufficient support for the proposition that a federal regulator may not be enjoined from performing his regulatory duties solely by reason of a state rehabilitator's hopes to achieve a successful rehabilitation.

I conclude that the action is properly removed to federal court and that the order of restraint imposed by the state court against the Secretary must be dissolved, both by reason of sovereign immunity and alternatively on the merits.

Submit judgment on notice.