In the Matter of **THE BRIARCLIFF, a Limited Partnership, Debtor.**

Bankruptcy No. B–77–02296.

United States Bankruptcy Court, D. New Jersey.

July 6, 1981.

Ravin & Kesselhaut by Mark Baumgarten, West Orange, N. J., for debtor.

Beverly E. Liftman, New Brunswick, N. J., for Briarcliff Tenants Ass'n.

Dwight D. De Stefan, Fort Lee, N. J., for Rent Leveling Bd.

D. JOSEPH DeVITO, Bankruptcy Judge.

This matter comes before the Court on motion of the debtor, The Briarcliff, seeking an order enjoining and staying the proceedings commenced by The Briarcliff Tenants Association now pending before the

Cliffside Park Rent Leveling Board. The aforenoted proceedings were initiated by the complaint of The Briarcliff Tenants Association, filed with the Rent Leveling Board of Cliffside Park, in which it is essentially alleged that, though in prior leases all utilities were provided by the landlord, upon the meterization of the apartments located in the apartment project owned and operated by the debtor, the tenants were thereafter required to pay their own electric costs, all of which effected a rental increase in excess of the increase permitted by the rent leveling ordinance, and thus void.

The precise issue is whether the noted proceedings are stayed by the automatic stay provisions of Rule 12–43[a] of the Rules of Bankruptcy Procedure. That Rule continues the mandatory and automatic stay in Section 428 of the Bankruptcy Act of 1898 and expands it to in personam actions against the debtor. It also makes mandatory the stay provisions of Section 414 and makes manifest the policy indicated in Sections 2a[15], 11a, 14f[2] and 411.

Rule 12–43, applicable to cases filed under Chapter XII of the Act, such as the case *sub judice*, states in pertinent part:

[a] A petition filed under Rule 12–6 or 12–7 shall operate as a stay of the commencement or the continuation of any court or other proceeding against the debtor, or the enforcement of any judgment against him, or of any act or the commencement or continuation of any court proceeding to enforce any lien against his property, or of any court proceeding for the purpose of the rehabilitation of the debtor or the liquidation of his estate.

The foregoing provision appears, on its face, to be all-encompassing. Though not controlling in the instant proceeding, it is noted parenthetically that the Bankruptcy Code carves out certain specified exceptions to the automatic stay. 11 U.S.C. § 362[b]. Courts, operating under the former Act, have similarly restricted the reach of the automatic stay, holding repeatedly that the stay does not apply to police or regulatory

action by a governmental unit. *See, e.g., In re Shippers Interstate Svc., Inc.*, 618 F.2d 9 (7th Cir. 1980); *In re Bel Air Chateau Hosp., Inc.*, 611 F.2d 1248 (9th Cir. 1979); *Ohio Environmental Council v. United States Dist. Court, Southern Dist.*, 565 F.2d 393 (6th Cir. 1977); *In re Dolly Madison Indus.*, 504 F.2d 499 (3d Cir. 1974); *In re Canarico Quarries, Inc.*, 466 F.Supp. 1333 (D.P.R.1979); *Colonial Tavern, Inc. v. Byrne*, 420 F.Supp. 44 (D.C.Mass.1976); *In re Grand Spaulding Dodge, Inc.*, 5 B.R. 481 (N.D.Ill.1980). (All pre-Code cases.)

There is no question but that the Cliffside Park Rent Leveling Board is an administrative body of the municipality and is, therefore, a governmental unit within the purview of applicable decisional law, *supra.* Said Rent Leveling Board is charged with administering the Cliffside Park Rent Leveling Ordinance. Such municipal rent control ordinances have been upheld as valid exercises of the municipal police power under New Jersey's home rule laws. *Inganamort v. Borough of Fort Lee*, 62 N.J. 521, 303 A.2d 298 (1973).

In support of its motion, debtor's attorney argues that the issue at bar does not arise from the enforcement of an action commenced by a governmental body in the exercise of its police or regulatory powers, but from the filing of a complaint in an administrative forum, in this case by The Briarcliff Tenants Association, itself not a governmental unit. It appears, however, that such procedure does not in any way depart from the customary practice of the Rent Leveling Board in its initial determination of the existence of probable cause sufficient to require a hearing on the matter. Debtor offers no evidence to suggest otherwise. Indeed, such a procedure is not uncommon as a modus operandi of governmental units, including administrative agencies, in the exercise of police or regulatory power. For example, in the matter of *In re Bel Air Chateau Hosp., supra*, an application for the stay of an unfair labor practice proceeding pending before the N.L. R.B. was denied, notwithstanding the charge of unfair labor practice was filed

against the debtor corporation by one of its discharged employees.

Debtor's argument would appear to beg the very question posed by the initiation of the Rent Leveling Board proceeding, namely, whether it is subject to the automatic stay of R. 12–43 and, if so, whether cause exists to lift such stay. Construing R. 12–43[a], Collier notes that "the reference [in subdivision (a) of the Bankruptcy Rule] to a stay of other proceedings against the debtor is to signify the inclusion of a pending arbitration proceeding within the scope of the automatic stay." 14A Collier on Bankruptcy 12–43–3 to 12–43–4 (14th ed. 1978).

To stay the aforenoted action now pending before the Rent Leveling Board would operate to preclude the Board from considering the alleged infringement of the municipal rent control ordinance. In effect, the municipality, through its agent specifically created for that purpose (the Rent Leveling Board), would be precluded from effective enforcement of its police power to enact local rent controls repeatedly upheld as constitutional by the New Jersey Supreme Court. *See Hutton Park Gardens v. Town Council*, 68 N.J. 543, 350 A.2d 1 (1975); *Brunetti v. Borough of New Milford*, 68 N.J. 576, 350 A.2d 19 (1975); *Troy Hills Village v. Township Council*, 68 N.J. 604, 350 A.2d 34 (1975). Assuming arguendo a violation does exist, a stay would render unavailable a practical remedy or effective means of enforcement or redress, other than for this Court to adjudicate the underlying dispute. The debtor has failed to advance any convincing reason why this Court, rather than the Rent Leveling Board, within whose special province such infringement, if any, falls, should exercise jurisdiction over the complaint of the Tenants Association.

For all the foregoing reasons, the motion for a stay is denied, reserving to the debtor, however, the right to reapply in the event of an attempted enforcement of any monetary judgment resulting from subject proceedings.