**In re ARNAGE, INC., d/b/a Slapshot Lounge, Debtor.**

No. 81–01020.

United States Bankruptcy Court, E.D. Michigan, S.D.

Oct. 5, 1983.

Michael Mason, Flint, Mich., for trustee.

Larry F. Brya, Asst. Atty. Gen., Lansing, Mich., for defendant Michigan Liquor Control Com'n.

## MEMORANDUM OPINION AND ORDER

STANLEY B. BERNSTEIN, Bankruptcy Judge.

The issue in this proceeding is whether the Michigan Liquor Control Commission (Commission) violated the automatic stay by cancelling a Class C liquor license.

*Factual Background:*

The debtor, Arnage, Inc., filed a Ch. 11 petition on September 30, 1981. The debtor owned and operated a cocktail lounge in the suburban community of Grand Blanc Township, Michigan. The debtor and its principal secured creditor filed separate motions for the appointment of a trustee. The Court granted the motions and appointed Alexander Steinmetz as trustee (trustee) on January 4, 1982. The trustee immediately investigated the debtor's operations and recommended conversion of the case to Ch. 7 because a plan of reorganization was not feasible. The debtor concurred in the trustee's recommendation and consented to conversion. The Court entered an order of conversion on January 18, 1982. The trustee continued to serve as trustee during the Ch. 7 proceeding.

The trustee had considerable difficulty in effecting a sale to a creditworthy purchaser. At least one sale was lost because the interested purchaser could not obtain financing.

On February 17, 1983, the Commission sent a notice to the trustee by certified mail advising him that the 1981 Class C license had not been renewed by the April 30, 1982 anniversary date, and that he had to file a written request for an extension of time to renew the license "in sufficient time. to allow the request to be submitted to the Liquor Control Commission and a decision made prior to April 30, 1983."

The notice, in block capitals, warned the trustee:

"Failure to reactivate your license, or to obtain an extension of time beyond April 30, 1983, will automatically result in termination of your license . . ."

The notice quoted the full text of the controlling regulation, Rule 436.1107, which became effective on March 14, 1978. That rule is stated in the margin.[1]

The trustee failed to file the written request for an extension with the Commission. He testified that after receiving the

---

1.  (1) A license, which is not in active operation, shall be placed in escrow with the commission. The commission shall not renew the license placed in escrow until such time as the license is put into active operation. (2) A licensee shall have only 1 year after the expiration of the license to renew the license and put the license into active operation, except upon written order of the commission after a showing of good cause. If the licensee fails to renew the license within 1 year after its expiration, and the commission does not extend the length of time for renewal, all rights to the license shall terminate.
(3) If the commission extends the length of time for which a licensee may renew the license, the licensee shall pay the required license fee for each elapsed licensing year prior to placing the license in active operation.
(4) A licensee shall pay the required license fee prior to the commission's renewal of the license.

Commission's notice he consulted with the debtor's counsel who advised him that the automatic stay under 11 U.S.C. § 362(a) of the Bankruptcy Code would operate to prevent the cancellation of the Class C license. The trustee did not communicate that position to the Commission.

On March 30, 1983, after returning on a more regular basis to his duties as trustee, he filed an application to have counsel appointed to represent him. In his application he stated that continued reliance upon the debtor's counsel could create a conflict of interest. The Court granted his application and appointed Michael Mason, Esq., as counsel for the trustee.

The trustee admitted that he did not show the February 17, 1983 notice to his appointed counsel, nor did he discuss it with him. Upon the trustee's direction, counsel for the trustee did draft an application for authority to sell the restaurant's fixtures, equipment, and the liquor license to a creditor of the estate. After notice and hearing, the sale was confirmed by order of this Court on May 24, 1983. A separate order confirmed the sale for the license for a purchase price of $18,000 "subject to the approval of the transfer of said license by the Michigan Liquor Control Commission."

On June 3, 1983, the Commission sent a notice to the trustee advising him that his failure to request an extension of Class C license resulted in a termination of the license.

The Commission refused to approve the transfer of the license from the trustee to the successful bidder on the simple ground that the trustee lost his license prior to the sale and therefore had nothing to sell.

On August 3, 1983, the trustee filed an application for an order to show cause why the Commission should not be ordered to reinstate the license. The trustee's legal basis was that the Commission violated the automatic stay.

The Commission answered the trustee's allegations by raising as an affirmative defense the trustee's failure to comply with the Commission's rules and the statutory exception to the automatic stay, 11 U.S.C. § 362(b)(4), for "commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's policy or regulatory power."

At the hearing on the order to show cause, the trustee admitted that his failure to comply with the Commission's notice was due to advice of the debtor's counsel.

*Analysis:*

11 U.S.C. § 362(b)(4) has been found to include the exercise of the regulatory authority of the Michigan Liquor Control Commission by Judge James Harvey in an unreported decision, *PFB Corp., d/b/a Norm's Kozy Inn v. City of Saginaw* (Civ. No. 81–10197, E.D.Mich. March 12, 1982). In that case, the bankruptcy court initially entered an order enjoining the City of Saginaw from implementing the terms of a resolution objecting to the renewal of the debtor's liquor license. The bankruptcy judge then *sua sponte* vacated its order. The debtor sought to vacate the second order in order to reinstate the prior injunctive order. Judge Harvey affirmed the bankruptcy court's second order on the ground that the regulation of liquor traffic is exclusively within the police power of the State, citing with approval, *Glicker v. Michigan Liquor Control Commission,* 160 F.2d 96 (6th Cir.1947). The Court specifically found that the revocation of the debtor's liquor license by the Commission, pursuant to the request of the City of Saginaw, was clearly an exercise of the State's police power, citing with approval, *Colonial Tavern, Inc. v. Byrne,* 420 F.Supp. 44 (D.Mass., 1976).

This Court is not bound by Judge Harvey's decision because appeals run to another judge on the Eastern District panel. Nevertheless, Judge Harvey's opinion is worthy of very serious consideration. This

case could readily be distinguished on the facts, but the controlling consideration is the scope of the exception to the automatic stay.

The language of the exception is very comprehensive—the exercise of "regulatory or police powers." Some courts have found a narrower scope to that exception—limiting the exception to the enforcement of health and safety laws, including consumer protection and environmental protection. As a method of statutory construction, this Court does not believe it proper to look to the legislative history when the language of the statute is not ambiguous. And even if recourse is had to the legislative history, that limiting construction is not compelling. The legislative history simply gives examples of types of exercises of the police power—it is illustrative not exhaustive.

The bankruptcy court in Rhode Island excluded the enforcement of liquor laws from the exception to the stay to prevent loss to the estate from a cancellation of a liquor license. That is a result-orientated construction which improperly subordinates state and local administrative agencies to the bankruptcy court. See *Industrial National Bank of Rhode Island v. Miceli (In re Gencarelli)*, 14 B.R. 751 (Bkrtcy.D.R.I.1981). Another bankruptcy court found that 11 U.S.C. § 362(b)(4) applied to the exercise of a state liquor control commission's regulatory power—the issue was whether a license could be revoked for failure to pay taxes. That court, however, overrode the limits of 11 U.S.C. § 362(b)(4) by recourse to the extraordinary writ provision of 11 U.S.C. § 105. The court sought to preserve the value of the liquor license so the Ch. 13 debtors could confirm their plan. See *In re Mason*, 18 B.R. 817 (Bkrtcy.W.D.Tenn.1982). The trustee has invited this Court to follow suit; the invitation is respectfully declined. Section 105 is not available "in aid of jurisdiction" when there is an explicit limiting provision such as 11 U.S.C. § 362(b)(4). See *First Federal Savings and Loan Association of Oakland v. Rutterbush (In re Rutter-*

*bush)*, 34 B.R. 101 (E.D.Mich.1982) (D.J. Newblatt), to the same effect.

The Court is not pleased that the estate will loose an $18,000 purchase price—the downside falls on the estate. Nor is this Court convinced that the Commission advances any significant policy goal by strictly enforcing its rule on renewals. But it is not the function of this Court to pick and choose as if in a candy store among properly promulgated rules which it likes or dislikes.

The trustee may have to bear the consequences of his failure to protect an asset of the estate.

The order to show cause is DISMISSED.

SO ORDERED.