In re LACOQUILLE INVESTMENT COMPANY, INC., Debtor.

LACOQUILLE INVESTMENT COMPANY, INC., Plaintiff,

v.

TOWN OF MANALAPAN, Defendant.

Bankruptcy No. 84–01062–BKC–TCB. Adv. No. 84–0517–BKC–TCB–A.

United States Bankruptcy Court, S.D. Florida.

Nov. 7, 1984.

Richard B. Warren, Fleming, Haile & Shaw, Palm Beach, Fla., Daryl L. Williams, Boyd, Knowlton, Tate & Finlay, Columbia, S.C., for plaintiff.

John C. Randolph, Johnston Sasser Randolph & Weaver, West Palm Beach, Fla., for defendant.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

The plaintiff/chapter 11 debtor is suing a Florida municipality, alleging that the town's enactment of a zoning ordinance constituted a violation of the stay imposed by 11 U.S.C. § 362(a) and, therefore, that the ordinance is a nullity. In addition and alternatively, the debtor alleges that the ordinance is invalid as an arbitrary, unreasonable exercise of the town's legislative authority, that the enactment of the ordinance was irregular and that insufficient notice was given.

The town has answered, denying the material allegations and affirmatively questioning this court's jurisdiction and, alternatively, requesting that this court abstain.

The matter was heard on October 30. Neither party initially offered any evidence, each contending that the other had the burden of proof. The debtor, however, upon consideration elected to offer as a composite exhibit in support of its position those exhibits annexed to its trial brief filed in this case on the eve of trial. The exhibits include copies of the town's Ordinance No. 136, attested by the town clerk. At trial, I overruled the town's objection to the proffered evidence and received the exhibits in question.

■ At trial, also, I announced this court's intention to abstain from hearing and, therefore, to dismiss counts 2 and 3 without prejudice to the debtor pursuing these allegations in the appropriate state court. 28 U.S.C. § 1471(d). These two counts present solely issues of state law. Had an action presenting these issues been pending in the state court at the time of bankruptcy, it could not have been removed

to this court. 28 U.S.C. § 1478(a). Under the provisions of the recent Bankruptcy Amendments and Federal Judgeship Act of 1984, an action seeking such relief would be subject to mandatory abstention by this court. Although that amendment is not applicable to this case, it clearly supports voluntary abstention. This court, therefore, retains jurisdiction solely to consider count 1 which alleges violation of the automatic stay.

The bankruptcy petition was filed on April 27, 1984. The debtor owns a seven-acre tract within the town. It had been planning and attempting to develop a luxury condominium on the property, consisting of one-hundred and forty-four units. By a Resolution adopted by the town in April, 1983, the debtor obtained tentative approval for its planned unit development. For various reasons, the development was delayed. On April 24, 1984 (three days before bankruptcy) the town adopted on first reading Ordinance No. 136 which, among other things, amended the municipal zoning ordinance by eliminating multi-family residential use for the property owned by the debtor, permitting development of the property only for hotel and private club purposes. The ordinance was before the town council for final reading on May 22, about one month after bankruptcy, and was adopted.

■ Although the ordinance obstructs the debtor's plans and diminishes the value of the investment already made by the debtor in the property, and although it is possible that the ordinance diminishes the market value of the debtor's property, I do not agree with the debtor that the enactment of the ordinance is prohibited under any of the eight subdivisions of § 362(a). I conclude, therefore, that the automatic stay had no application to the defendant's conduct on April 24.

The debtor appears to argue that the enactment on second reading of the ordinance in question constituted a violation of § 362(a)(1). I do not consider the enactment of a municipal ordinance amending

that town's zoning ordinance to be a "proceeding against the debtor". I consider that act to be an exercise of the municipal legislative power rather than a "judicial, administrative, or other proceeding against the debtor".

Furthermore, § 362(b) expressly exempts from the automatic stay:

"(4) under subsection (a)(1) of this section, of the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;"

It appears both clear and obvious to me that the enactment of this ordinance by this municipality, if valid under applicable state law, was an *exercise* of the town's police or regulatory power and as such it was not subject to the automatic stay. If it was an action or proceeding subject to the automatic stay, it was necessarily an action or proceeding to enforce the town's police or regulatory power, and, therefore, expressly exempt under § 362(b)(4).

In short, I find that the town's enactment of Ordinance No. 136 did not violate the automatic stay.

In reaching this conclusion, I have not overlooked the decision in *In re Island Club Marina, Ltd.*, 38 B.R. 847 (Bkrtcy.N.D.Ill.1984). I quite agree with my colleague that many actions by a municipality to enforce its zoning laws may fall within the automatic stay imposed by § 362(a)(1). I do not agree with my colleague, however, if he has intended to hold that a change of zoning adversely affecting a debtor's property after bankruptcy is prohibited by the automatic stay. Furthermore, I do not agree with my colleague that § 362(b)(4) gives this court a mandate or a license to restrict that exception as narrowly as his opinion suggests. *In re Arnage, Inc.*, 33 B.R. 662, 665 (Bkrtcy.E.D.Mich., S.D.1983).

■ Without question, the purpose of chapter 11 is to permit successful rehabilitation of debtors, as my colleague notes. However, this purpose does not exempt a debtor from the exercise of municipal legislative authority or any other exercise of its police or regulatory power. Nor does it vest this court with the authority to supplant the municipal governing body. I am more inclined to agree with the colleague who decided *In re Cousins Restaurants, Inc.*, 11 B.R. 521 (Bkrtcy.W.D.N.Y.1981).

I have not touched upon the issue as to which party has the burden of proof because I find that the defendant town has readily carried that burden if it had the burden of proof. However, I note that the District Court in *Marshall v. International Formal Wear, Inc.*, 2 CBC 2d 698 (S.D. Ga.1980), held that the moving party seeking enforcement of the automatic stay under § 362 has the burden not only of showing the respondent's conduct to be within the provisions of § 362(a)(1), but also that it does not fall within any of the exceptions defined by § 362(b).

As is required by B.R. 9021(a), a separate judgment will be entered dismissing count 1 with prejudice and abstaining from hearing and, therefore, dismissing counts 2 and 3 without prejudice to the presentation of those issues to the appropriate state court. The automatic stay is modified to permit the defendant to defend any such action commenced by the debtor. Costs may be taxed on motion.